

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA

# GAINESVILLE DIVISION

| | | |
|---|---|---|
| ELENA LYADINA SAVILLE | ) | |
| Plaintiff | ) | |
| vs. | ) | CIVIL ACTION |
| Clarence William Webb | ) | FILE NO: **2:22-CV-0105** |
| Robert Allen Whitworth | ) | |
| Randy Clarence Hopper | ) | |
| Billy Dale Mull | ) | |
| Randall Gene Mull | ) | |
| Habersham County | ) | |
| Michael Beecham | ) | |
| Joey Terrell | ) | |
| Amy Sue Thomas | ) | |
| William Ray Oliver | ) | |
| Defendants | ) | |

1

# **COMPLAINT**

**COMES NOW,** Elena Lyadina Saville, Plaintiff Pro Se (" Plaintiff " or " Saville ")

and files this Complaint against Defendants:

Clarence William Webb  ( "Webb" )

Robert Allen Whitworth   ( " Whitworth " )

Randy Clarence Hopper ( " Hopper " )

Billy Dale Mull   ( " B.Mull " )

Randall Gene Mull   ( " R.Mull " )

Habersham County of Georgia ( " County " )

Michael Beecham ( " Beecham " )

Joey Terrell ( " Terrell " )

Amy Sue Thomas ( " Thomas " ) - for declaratory relief only

William Ray Oliver ( " Oliver " ) - for declaratory relief only.


Plaintiff respectfully shows as follows:

2

## INTRODUCTION

1. This is an action against organized group of convicted criminals acting in Habersham County of Georgia as RICO enterprise and criminal street gang.

2. This is an action against Habersham County and its Officers who knowingly and voluntarily enabled and assisted such operation.

3. Witnesses of operation who reported violations of Law and County Ordinances by the group to Law Enforcement have been retaliated, intimidated and silenced, with violation of their legal and Constitutional rights.

4. Plaintiff files the Complaint pursuant to provisions of Federal statutes:

- **18 U.S. Code § 1961 - 1964(c)** - Civil RICO - Operation of 'Racketeer Influenced and Corrupt Organization' enterprise;

- **42 U.S. Code § 1983** - Civil Action for Deprivation of Rights (other);

    and State of Georgia statutes:

- O.C.G.A § 16-14-3, 16-14-6 - Georgia Civil RICO - Operation of 'Racketeer Influenced and Corrupt Organization' enterprise;

3

- O.C.G.A § 16-15-4, 16-15-7 (c,d)  (2020) - Civil Action for Damages caused by Criminal Street Gang;

- O.C.G.A. § 51-7-40 - Malicious Prosecution.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 and 42 U.S.C. § 1983.

6. Venue is proper in this Judicial District because acts giving rise to Plaintiff's claims occurred in Georgia, within this District.

## PARTIES

7. Plaintiff Saville is the Owner and Director of company Saville Solver Ltd, involved in Research and Development on Natural Sciences and Engineering. Plaintiff owns the property at the address 287 Diamond Drive, Clarkesville GA 30523, within this Judicial District.

8.  Defendant Webb is a resident of Habersham County, Georgia. He is operating scrap yard Webb's Recycling in low-intensity residential area, at the address: 248 Diamond Drive, Clarkesville GA 30523 and another location in Habersham County, within this Judicial District.

4

9.  Defendants Whitworth, Hopper, B.Mull, R.Mull are residents of Habersham County and employees or former employees of Webb's Recycling.

10. Habersham County is a County within this Judicial District.

11. Defendant Beecham is the Officer of Habersham County.

12. Defendant Terrell is Sheriff of Habersham County.

13. Defendant Thomas is the County Magistrate and is sued for declaratory relief only.

14. Defendant Oliver is the County Solicitor General and is sued for declaratory relief only.

## **FACTS**

15. Plaintiff's property is located immediately across the narrow drive from the scrap yard Webb's Recycling, operating in a low-intensity residential area, at the address: 248 Diamond Drive, Clarkesville GA 30523.

16. Since about the year 2006, an individual named Clarence Webb and acting under the falsified legal name William Webb is operating this scrapyard in the middle of the dense residential community of Diamond Drive, Clarkesville.

17. A typical view of scrap yard operation in the year 2017 is shown in Exhibit P1. The recent view of the scrap yard is shown in Exhibit P2.

18. These and any other photographs given in Exhibits of this letter are taken by Plaintiff in full compliance with O.C.G.A. § 16-11-62 (B), which states the right of the Owner of real estate to use any device to record activity taking place on the approach to their private property for purposes of reporting it to Law Enforcement.

19. The format of the date on all pictures in Exhibits is Day/Month/Year.

20. Operation of Webb's Recycling has been violating the Comprehensive Land Development Resolution (CLDR) and now violates the updated Comprehensive Land Development Ordinance (CLDO) of Habersham County. Both regulations do not permit scrap yards or any other type of recycling businesses in the Low Intensity (LI) residential area. Copies of the relevant Section 403.B (Permitted Uses) and Section 403.C (Conditional Uses) of CLDR will be produced at Discovery.

21. Until the year 2012, Defendant Webb illegally operated the scrap yard without any business license. Such illegal operation was condoned by Defendant Habersham County and its Code Enforcement.

6

22. In violation of CLDR, on Nov/21/2012, business license # 14661 was granted to Clarence Webb under his falsified legal name of William Webb for the operation of the scrapyard under the name of Webb's Recycling. A copy of the Business license for the year 2017 is given in Exhibit P3.

23. Defendant Webb had no choice but to confirm his true legal name Clarence Webb under Oath before Judges during several hearings of Habersham Magistrates Court, for example, at the hearing of the case 19PW0117 on Jul/22/2020.

24. The legal name of Clarence Webb was falsified on the business license to hide the fact of his previous criminal case 08MT3025 at the State Court of Georgia at Habersham County, where he was prosecuted under O.C.G.A §16-7-52 (a)(1) (Unlawful Burning of Waste). The Judgement in the Case was Forfeiture of his cash bond, which for purposes of licensing constitutes a conviction. Documents in Exhibit P4 is part of the proceedings of this case.

25. Falsification of a legal name on the business license is also hiding numerous further criminal Cases of Clarence Webb, in particular related to his dangerous driving of industrial trucks in a residential area. Exhibit P5 gives a list of his 16 (sixteen) criminal cases with the State Court of Georgia at Habersham county,

7

as shown by the Court electronic system, in its public version. Note that this system does NOT show any criminal offenses if it is searched with the falsified legal name William Webb.

26. The fact of falsification of the legal name of the business owner in the official business license is a violation of O.C.G.A. § 16-10-20 (**Fraudulent** documents in matters within jurisdiction of political subdivisions), by Defendant Webb.

27. The Ordinance of Habersham County, Sec. 18-66 (6) , requires the staff of the Planning Department to verify the driving license of the business owner when issuing a business license.

28. The falsified name of Mr.Webb has been used in 11 (eleven) annual and conditional business licenses of Mr.Webb, which means that the staff of the Planning Department has failed to verify his driving license, and thus violated Habersham County Ordinance Sec. 18-66(6) ELEVEN times, and keeps doing so.

29. This is a violation by Defendant Habersham County and its Planning Department of:

   **- O.C.G.A § 16-9-121 (b) - Identity fraud by receipt**

**- O.C.G.A. § 16-10-20 - Fraudulent documents in matters within jurisdiction of political subdivisions.**

30. During about sixteen years of scrap yard operation, C.Webb has employed numerous individuals, most of whom possess long criminal records. Their various offenses include violence, dangerous driving, and dishonesty. Exhibit P6 shows the lists of criminal cases for four employees of Webb's Recycling with the State and Magistrates Court of Habersham County, as shown by the Court electronic system, in its public version.

31. More than 100 (hundred) criminal cases have been filed at Habersham Courts for only 5 employees of Webb's Recycling.

32. All these individuals (Randy Hopper, Robert Allen Whitworth, Billy Mull, Randy (Randall) Mull) have testified as witnesses for Webb at the hearings of Habersham Magistrates Court on May/08/2018 and Jun/12/2018 (Case 18PW0025), on Nov/13/2018 (Case 18PW0090) and on Jul/22/2020 (Case 19PW0117). They have confirmed under Oath that they are employees of Webb's Recycling. Audio recordings and transcripts of such hearings will be available at the Court trials.

33. Exhibits P7-P11 give examples of criminal convictions for five employees and associates of Webb's Recycling: P7 - for Randy Hopper, P8 - for Billy Mull, HP9 - for Eunice Castro, P10 - for Robert Whitworth, P11 - for Randall Mull. Such concentration of convicted criminals under the umbrella of Webb's Recycling in a residential neighborhood is dangerous for the Public.

34. Defendant Webb, as the owner of Webb's Recycling, is organizing the activity of several convicted criminals with many dozens of criminal cases between them.

35. His associates made numerous threats of violence towards me, like promises of 'big machete for you', pushing by the car on my own land, and threats by firearms.

36. Plaintiff reported such threats to Law Enforcement, County Officials, and Habersham Magistrates Court as follows:

• in her emailed report to Habersham County Manager, Mr.Phil Sutton on May/25/2017;

• in her report to Sheriff Officer visiting Diamond Drive on Aug/25/2017;

- in her report made at the Investigator's office of Habersham Sheriff's Department on Oct/05/2017;

- during her visit to the office of Habersham Code Enforcement Manager Mr.Sam Irvin on Oct/11/2017

- in her report made at Habersham Sheriff's Office to Officer # 112 on Apr/18/2018;

- in the Defense Statement filed by her at Habersham Magistrates Court on May/03/2018 within the case 18PW0025 (points 34-36, 38,39);

- in her testimony at the hearing of Habersham Magistrates Court on May/08/2018 within the case 18PW0025;

- in her testimony at the hearing of Habersham Magistrates Court on June/12/2018 within the case 18PW0025;

- in the her testimony at the hearing of Habersham Magistrates Court on Nov/13/2018 within the case 18PW0090.

37. During twelve years of operation of scrap yard from about the year 2006 to the year 2018, Habersham Code Enforcement has received numerous complaints

from dozens of neighbors regarding the operation of the scrapyard, as evidenced by the Minutes of the meeting of Habersham County Board of Commissioners on Nov/19/2018, and a copy of which will be provided at discovery. However, Habersham County, its Code Enforcement, and its Sheriff's Office have failed to enforce violations of Law and Ordinances by Webb's Recycling, thus failing their public duty. They all have assisted the operation of the RICO enterprise.

38. Plaintiff is the nearest neighbor to the scrap yard, with her private property being located just a few feet from it, and separated from it by a very narrow residential Diamond Drive. Every day, she experienced torture by illegal industrial noise produced by Webb's Recycling, operating metal cutting saws, drills, hammers, doing banging, and smashing. This has caused damage to her physical and mental health.

39. Plaintiff is the most affected victim of Webb's Recycling.

40. On May/03/2017, C.Webb and his employee and son-in-law Jacob Mann visited my property and demanded from me a ransom in the amount of $80,000 (eighty thousand dollars). Testimonies regarding this attempt of organized money extortion are given in the audio recordings of hearings of Habersham

Magistrates Court on May/08/2018 and Jun/12/2018, which will be available at the Court trials.

41. Plaintiff have refused to pay the ransom and the campaign of intimidation, threats, torture, and firearms threats by employees and associates of C.Webb against me has started. More details and evidence are given in her Defense Statement filed on May/03/2018 within the Pre-Warrant Case 18PW0025 at Habersham Magistrates Court, which will be available at the trials.

42. Defendant Webb is operating scrapyards in several residential areas of Habersham County, and the neighbors are forced to see, forced to hear, and forced to smell its activity every day. Thus the neighbors are necessarily the witnesses of numerous violations of the Georgia Code and County Ordinances by employees of Webb's Recycling.

43. Trying to eliminate neighbors as witnesses of his wrongful operations, on April/23/2018, C.Webb filed a malicious application for Plaintiff's criminal arrest, which was **dismissed** by Habersham Magistrates Court in the Case 18PW0025 due to a **lack of probable case** (Exhibit P12).

44. In the fall of the year 2018, the Revocation of Defendant Webb's business license # 14661 by the Habersham County Board of Commissioners was scheduled for Nov/19/2018.

45. Exhibit P13 shows the email to Plaintiff from the Director of Habersham Planning Department, Mr.Beecham, informing her about the following:

    - the date of the Revocation meeting is Nov/19/2018;

    - the meeting will be public, and anyone may attend;

    - the business owner Webb will be informed about the Revocation meeting by the end of business week ending on **Nov/02/2018**.

46. As the most affected victim of Webb's Recycling, Plaintiff was supposed to be the main witness at the Revocation hearing by the Board of Commissioners. It was her absolute intention to attend the meeting and plead with the Commissioners for the Revocation of business license #14661.

47. Exhibit P14 shows the Notice from Habersham Planning Department to Defendant Webb, informing him about the Revocation meeting, and served on him on the morning of **Nov/02/2018**. I have personally witnessed the Code

14

Enforcement Officer Mr.Sam Irvin serving this Notice on the morning of **Nov/02/2018**.

48. Immediately after service of this Notice, in the afternoon of **Nov/02/2018**, at 4:18 pm, C.Webb filed the **second** malicious application for my private criminal arrest at Habersham Magistrates Court (Exhibit P15). Case 18PW0090 was opened by an employee of Habersham County, Defendant Thomas acting as County Magistrate. She has illegally opened such a Case even though the previous identical malicious attempt of Webb to arrest Plaintiff was found to be without merit.

49. His application was filed with the purpose of eliminating Plaintiff as a key Witness at the forthcoming in 6 days on Nov/19/2018 Meeting of Habersham Board of Commissioners who considered a revocation of his business license.

50. Evidence of this is available:

   - in the proceedings of Case 20ST0156 at State Court of Georgia at Habersham County. In particular, it is available in the points 26-33 of the First Amended Complaint filed on Jul/21/2021 and in its relevant Exhibits, which will be available at the trial;

15

- in the proceedings of the Case 18MT1195 at State Court of Georgia at Habersham County, In particular, it is available in the Ground 5 of Motion to Dismiss the Case filed on Dec/09/2020 and in its relevant Exhibits, which will be available at the trial;

51. Such application for private arrest made with the purpose of preventing Plaintiff from coming to the meeting of the Board of Commissioners, standing as a witness, and communicating information about violations of Law constitutes the criminal **felony offense under O.C.G.A. § 16-10-93 (A),(B),(C)** (Influencing Witnesses) on the part of Defendant Webb.

52. This statute states that:

*(b)(1) It shall be unlawful for any person to knowingly engage in conduct toward another person with the intent to:*

*(A) prevent the testimony of (this) person in an official proceeding;*

*(B) Cause any person to (iv) Be absent from an official proceeding;*

*(C) To prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a criminal offense.*

16

*(3)(A) For the purposes of this Code section, the term 'official proceeding' means any hearing conducted by ... an agency of the executive branch of the government of this state or its political subdivisions or authorities.'*

Under paragraph (3)(A), the hearing by the Board of the County Commissioners constitutes an 'official proceeding'.

53. On Nov/13/2018, Plaintiff became a victim of a manifestly wrong, **false arrest under color of the legal process,** which is also a violation of OCGA §16-5-42. The Warrant for such false arrest was signed by an employee of Habersham County, Defendant Thomas acting as a County Magistrate.

54. At the hearing on Nov/13/2018, Plaintiff brought to the attention of Ms. Thomas the provisions of Georgia Code O.C.G.A. § 16-10-93 (A),(B),(C), as evidenced by audio recordings of the hearing.

55. A copy of audio recordings of this and the previous two hearings at Habersham Magistrates Court on May/08/2018 and Jun/12/2018 is given in the folder of Attorney of record in Case 18MT1195, Mr.D.McLeod (GA Bar # 497473):

https://app.box.com/s/e769nxs3hhny9dj64zv5d9barzczkw8w

The names of the audio files are as follows:

17

2018_05_08 Hearing.mp3 - for hearing on May/08/2018,

2018_06_12 Hearing.mp3 - for hearing on Jun/12/2018,

2018_11_13 Hearing.mp3 - for hearing on Nov/13/2018.

56. Note that the most sensitive parts of audio recordings, which implicated Officers of Habersham County, have been erased from this copy by the staff of Habersham Magistrates Court.

57. The original audio recordings of the hearings, without erasures, may be available at the Clerks Office of Habersham Magistrates Court unless they are already destroyed.

58. Three CDs with copies of audio recordings for three hearings at Magistrates Court, as produced by the staff of Magistartes Court, will be available at the trial.

59. Evidence that Defendant Thomas was made aware of O.C.G.A. § 16-10-93 (A),(B),(C), could be found in the file 2018_11_13 Hearing.mp3 at the time starting at 10:38.

60. At the hearing of the Case 18PW0025 on Jun/12/2018, where A. Thomas has also presided, Plaintiff brought to her attention the provisions of Georgia Code O.C.G.A. § 16-11-62 (B) stating that:

*'It shall not be unlawful: ... For an owner or occupier of real property to use for security purposes, crime prevention, or crime detection any device to observe, photograph, or record the activities of persons who are on the property or an approach thereto in areas where there is no reasonable expectation of privacy.'*

61. This statute justifies Plaintiff's lawful taking photographic evidence of violations of the Code of Georgia and Ordinances of Habersham County by Webb's Recycling, which she did with the purpose of reporting to Law Enforcement.

62. Evidence that Ms. Thomas was made aware of O.C.G.A. § 16-11-62 (B) could be found in the file 2018_06_12 Hearing.mp3 at the time starting at 6:55.

63. Further, Magistrate Thomas must be aware of the State of Georgia Code O.C.G.A. § 16-5-90 (Stalking), which was the claimed basis for the warrant that she considered.

64. O.C.G.A. § 16-5-90 states that any actions of a Defendant performed at the place of their residence and with a legitimate purpose is NOT Stalking.

65. Any alleged actions of Plaintiff, even if they were true, have been performed at or in immediate approach to her private property, and with the legitimate purpose of reporting violations of Law to Law Enforcement.

66. Nevertheless, in full ignorance of the Georgia Code, A.Thomas has ordered the Sheriff's Deputy E.Kemp to handcuff Plaintiff and remove her from the Courtroom (see the file 2018_11_13 Hearing.mp3 at the time starting at 46:58)

67. Only after that and in the full knowledge that they violate Georgia Code, did Applicant Webb and County Magistrate Thomas have produced the Warrant for Plaintiff's arrest (Exhibit P16).

68. Such an Arrest Warrant was never shown to Plaintiff until she discovered it herself in the electronic records of Habersham State Court, several months later.

69. Such arrest has resulted in Plaintiff's detention and deprivation of her personal liberty, first in the basement of Habersham Magistrates Court, followed by her detention in Habersham Sheriff Department.

70. By signing the arrest Warrant, Ms. Thomas:

1) prevented Plaintiff from standing as a witness at the Meeting of Habersham Board of Commissioners on Nov/19/2018 and pleading with them for revocation of wrongful license;

2) made Plaintiff unable to report continuing violations of Law to Habersham Law Enforcement.

71. Such wrongful warrant signed by Ms. Thomas **violated three statures of the Georgia Code:**

- O.C.G.A §16-10-93 (A),(B),(C) - Influencing Witnesses

- O.C.G.A §16-11-62 (B) - the rights of the property owner to record violations of Law

- O.C.G.A §16-5-90 (Stalking).

72. The Warrant signed by Ms. Thomas had **no probable cause**, because:

1) the following criminal Case 18MT1195 against me was **Nolle Prossed before the trial**.

2) Accusations presented in the private Warrant (Exhibit P16) **manifestly lacked legal merit:**

• The claim of Stalking by 'taking pictures and videos' contradicted the State of Georgia Code O.C.G.A. § 16-11-62 (B) stating the right of a property owner to take such recordings as evidence;

• The claim of Stalking by 'standing in the middle of the road watching his property without his consent' violated the Right of a Member of the Public to use the Public road and do so in a safe manner by having their eyes open.

The narrow residential Diamond Drive, separating Plauntiff's private property and the land where Defendant Webb operates his scrap yard is the County Public Road as a matter of legal record. Plaintiff has the legal right to use such a road and cannot avoid seeing anything located on the sides of the road.

• The claim of Stalking by 'calling the Sheriff's Office and Code Enforcement reporting that he was breaking the law by operating his business' contradicts the State of Georgia Code O.C.G.A. § 16-10-93 (C).

73. Plaintiff's **arrest** made on Nov/13/2018, is further shown to be **false** as detailed:

1) in the proceedings of the Case 18MT1195 at the State Court of Georgia at Habersham County, In particular, it is available in the Ground 2 of Motion to

Dismiss the Case filed on Dec/09/2020 (Manifest Lack of Legal Merit) and in the relevant Exhibits, which will be available at the trial;

2) in the points 34-40 of the First Amended Complaint filed on Jul/21/2021 within Case 20ST0156, and in the relevant Exhibits, which will be available at the trial;

74. Such arrest permitted by Magistrate Thomas is confirmed to be false by the Order of the Honorable State Court of Georgia, which has **Nolle Processed the criminal Case 18MT1195 against me before the trial** (Exhibit P17).As a wrongful arrest made maliciously and without probable cause, this arrest signed by Ms. Thomas has violated Plaintiff's **Civil Rights under the Fourth Amendment to the USA Constitution.**

75. The wrongful criminal arrest Warrant signed by Ms. Thomas without probable cause, also was or appears to be **malicious** on part of Ms.Thomas, as explained below.

76. Ms. Thomas is a direct employee of Habersham County of Georgia and receives her remuneration from it.

77. Revocation of business license at the Meeting of County Commissioners on Nov/19/2018 implicated certain County Officers who condoned violations of

Law by Webb's Recycling for a number of years. For details, please see points 10,18-20,42 in the First Amended Complaint filed on Jul/21/2021, and in the relevant Exhibits, within the Civil Case 20ST0156 at State Court of Georgia, Habersham County, which will be produced at Discovery.

78. By signing the Warrant, Ms. Thomas has retaliated against Plaintiff for her lawful and well-evidenced reporting of violations of Law to Habersham Law enforcement.

79. By preventing Plaintiff from standing as a witness at the meeting of Habersham Commissioners on Nov/19/2018, Ms. Thomas has used her judicial office to obtain special treatment for her direct employer - Habersham County of Georgia.

80. In this way, she demonstrated the conscious violation of her judicial independence as freedom from influence or controls other than those established by Law.

81. The wrongful malicious arrest of Plaintiff performed with the purpose of preventing her reporting to Law Enforcement is a felony offense under O.C.G.A. § 16-10-93 (A),(B),(C) (Influencing witnesses) on the part of Defendant Webb.

82. By signing the Warrant for Plaintiff's criminal arrest on the ground of her reporting of violations to Law Enforcement, Ms.Thomas, an employee of Habersham County, has assisted Defendant Webb in his felony offense under O.C.G.A. § 16-10-93 (C). This is the offense of **O.C.G.A. § 16-2-20 (3) (aiding and abetting crime)** by A.Thomas.

83. The Warrant accused Plaintiff of reporting violations of Law to the Sheriff's Department and Code Enforcement. Such accusation is also a **violation of the First Amendment to the USA Constitution,** which states the right of the People to petition the Government for a redress of grievances, which includes the right of the People to communicate with Government officials.

84. At the hearing of the Case 18PW0090 on Nov/13/2018, Ms. Thomas has stated (file 2018_11_13 Hearing.mp3, time starting at 22:25) that at the 'previous' hearing (Case 18PW0025, hearing on Jun/12/2018) she told Plaintiff **not to contact Law Enforcement** with reports of violations.

85. By such a statement, Judge Thomas has confirmed herself that she:

1) committed felony **offense under O.C.G.A. § 16-10-93 (C);**

2) **violated Plaintiff's Constitutional rights under First Amendment** to petition the Government for a redress of grievances;

3) **exceeded her judicial authority** as a County Magistrate by imposing an injunction on Plaintiff.

86. Further, at the hearing of the Case 18PW0090 on Nov/13/2018, Ms. Thomas has stated (file 2018_11_13 Hearing.mp3, time starting at 21:10) that at the 'previous' hearing (Case 18PW0025, hearing on Jun/12/2018), she told Plaintiff not to take photographs of evidence.

87. By such a statement, Judge Thomas has confirmed herself that she violated Plaintiff's **legal rights under O.C.G.A. § 16-11-62 (B).**

88. Judicial misconduct by an employee of Habersham County Ms. Thomas at the hearing on Nov/13/2018, has permitted and influenced the whole process of abusive litigation against Plaintiff by a group of convicted criminals during the years 2018-2021 because she gave this group the green light for violation of Law without any opportunity for Plaintiff to defend herself.

**89.** On Dec/30/2016, A.Thomas solemnly sworn in her Oath of Magistrate and the Loyalty Oath that she 'will support the Constitutions of the United States and the Constitution of Georgia'.

**90.** Her actions related to Plaintiff's wrongful arrest show that she has willfully and intentionally violated provisions of both Constitutions and thus **violated the terms of her Oath.**

91. Consequently, Thomas has committed an **offense under O.C.G.A. §16-10-1 - Violation of Oath by the public officer.**

92. By supporting the illegal false arrest of Plaintiff, Magistrate Thomas has exposed her to deadly danger at the hands of a group of convicted criminals, operating an illegal scrapyard in Diamond Drive, Clarkesville, GA, right across the narrow residential drive from her private property.

93. Further details are available in points 80-85 of the First Amended Complaint filed on Jul/21/2021 within Case 20ST0156 at State Court of Georgia at Habersham County and in its relevant Exhibits, which will be produced at Discovery.

94. Being a victim of torture by the noise of metal cutting saws operated by Webb's Recycling next to her bedroom window, and in many other ways - Plaintiff was arrested rather than protected.

95. By permitting a wrongful arrest, Ms. Thomas has enabled and assisted this group of convicted criminals to intimidate, threaten and torture Plaintiff in various ways, including firearms threats, on her own private property, and all without any opportunity for her to even take photographic evidence of torture and threats because she already was wrongly arrested for such lawful actions.

96. False arrest of Plaintiff, permitted by Ms. Thomas, has also made it possible for Habersham County officers to continue condoning illegal activities of Webb's Recycling.

97. As detailed above, on Nov/13/2018, Plaintiff became a victim of a **manifestly wrong, false arrest under the color of the legal process**. This is the offense of A. Thomas, an employee of Habersham County, under **O.C.G.A §16-5-42.**

98. After Plaintiff's wrongful arrest on Nov/13/2018, she was released on bail with bail conditions prohibiting her from contacting Webb directly or indirectly. During the hearing on Nov/13/2018, County Magistrate Thomas stressed that in the case of such contact, she would be arrested again, and the charge against

her would be more serious. She made it clear to Plaintiff that this includes her planned appearance at the meeting of the Board of Commissioners due in 6 days.

**99.** The malicious accusation by Webb made in his private Warrant (Exhibit P16) was re-iterated in the Charge 18MT1195 filed against Plaintiff on Dec/05/2018 by part-time Solicitor General of Habersham County W.R.Oliver (Exhibit P18).

**100.** Like the arrest warrant, this Charge was more illegal than anything that Plaintiff could be accused of. The Charge itself **violated three statures of the Georgia Code:**

- O.C.G.A 16-10-93 - Influencing Witnesses

- O.C.G.A 16-11-62, which states the right of the property owner to use any device for recording activity on approach to their private property with the purpose of reporting it to Law Enforcement;

- O.C.G.A 16-5-90 (Stalking), which states that any actions that took place on the private property of Defendant, and with a legitimate purpose is NOT stalking.

101. The Charge also accused Plaintiff of reporting violations of Law to the Sheriff's Department and Code Enforcement. Such accusation is itself a

29

**violation of the First Amendment to the USA Constitution,** which states *'the right of the People to petition Government for a redress of grievances',* which includes the right to communicate with Government officials.

102.   Defendant Oliver has filed the Charge against Plaintiff acting or appearing to be in deep Conflict of Interest as detailed and evidenced in the second part of Plaintiff's Motion to Dismiss the Case or in the alternative for Recusal of Prosecutor' filed within the Case 18MT1195, and which will be produced at Discovery.

103.   Defendant Oliver is a private Attorney for the employee of Webb's Recycling named Robert Allen Whitworth of 259 Peace Dollar Dr, Alto, GA.

104.   Defendant Whitworth is a long-time paid employee of Webb's Recycling, as he testified under Oath at two hearings of Habersham Magistrates Court on May/08/2018 and Jun/12/2018. He acted as Witness for Webb at these two hearings. He was listed as Witness again in the third malicious application of Webb for Plaintiff's criminal arrest filed on Nov/15/2019 (exhibit P19).

105.   At the time of filing the Charge, DEfendant Whitworth was (and still is) the most active participant in the operation of Webb's recycling, which processed

secondary metal without registration with the Georgia Sheriff Association. This is a violation of Georgia Code O.C.G.A 10-1-359.1.

106. His extensive past criminal record is documented in Exhibits P6, P10. Defendant Whitworth was the party interested in the outcome of abusive litigation pursued by his employer Webb.

107. At the hearing of the Case 18MT1195 on Dec/02/2020, Mr.W.Oliver stated that before filing a criminal Charge against me, he visited Diamond Drive in Clarkesville and evaluated the situation there.

108. During such a visit, Mr.Oliver should witness that Webb's Recycling is the Secondary Metal processor business, and as such must be registered with the Georgia Sheriffs Association, under O.C.G.A. 10-1-359.1.

109. The visit of Mr.Oliver to Diamond Drive could only happen between the date of Saville's arrest on Nov/13/2018 and the date of Dec/05/2018.

110. During that period Webb's Recycling was NOT registered with GSA, as evidenced by the electronic record of GSA (Exhibit P20). Indeed during 14 years of operation, Webb's Recycling was only registered for one year, from May/20/2019 to May/20/2020.

111.   After his visit to Diamond Drive in November/December 2018, Mr.Oliver did not file a criminal charge against his private client Robert Whitworth and his employer Clarence Webb for their violations of O.C.G.A.10-1-359.1, Federal and State Environmental Laws, and more than 30 Ordinances of Habersham County. Instead, he has chosen to file the criminal charge against a **Witness** for their violation of Law - the nearest neighbor, who is Plaintiff.

112.   Mr.W.Oliver is a professional Lawyer and should see that the Accusation in his Charge is wrong and that there are no lawful grounds for prosecuting Plaintiff, as shown in Ground 2 of her Motion to Dismiss in the Case 18MT1195.

113.   Instead of impartial decisions in the interest of the State of Georgia, the State Prosecutor W.R.Oliver did act or appeared to be acting in the interest of his private Client and his long time paying employer, thus aiding and abetting their crimes (O.C.G.A. § 16-2-20(3)).

**114.**   In his Loyalty Oath as Solicitor General of Habersham County, W.Oliver has solemnly sworn that he 'will support the Constitutions of the United States and the Constitution of Georgia'.

**115.** His actions related to malicious prosecution of Plaintiff show that he has willfully and intentionally violated provisions of both Constitutions and thus **violated the terms of his Oath.**

**116.** Consequently, Mr.Oliver has committed an **offense under O.C.G.A. §16-10-1** - Violation of Oath by the public officer.

**117.** Coordinated activity of Webb, Thomas, and Oliver by malicious criminal prosecution of Plaintiff is a violation of **Federal Code 18 USC § 241 - conspiracy against her civil right to petition the government for a redress of grievances.**

118. Thomas and Oliver also violated **Federal Code 18 USC § 242 - deprivation of civil rights under color of law.**

119. Plaintiff's wrongful arrest on Nov/13/2018 prevented her from standing as a witness at the meeting of the Board of Commissioners on Nov/19/2018. As a result, essential information about the activity of Webb's Recycling was hidden from the Commissioners during that meeting:

- information about the false legal name and previous conviction of the business owner under Environmental Law of Georgia (Exhibit P4);

33

- information about the full extent of neighbors' complaints.

120.   As evidenced by the Minutes of BOC meeting on Nov/19/2018, at the meeting, Commissioners have asked the Director of Planning Department, Mr.M.Beecham what exactly did the neighbors complain about.

121.   The answer from Mr.Beecham was that they did not like the trash on a public road. This is true, but this is only 1% of the truth.

122.   Mr.Beecham has hidden from the Commissioners 99% of the truth, in particular, the content of Plaintiff's email to the County Manager Mr.Sutton, forwarded to him (Exhibit P21). This email gives a list of more than 30 Ordinances of Habersham County and references to the Code of Georgia that Webb's Recycling violated every day.

123.   It was a legal duty of M.Beecham to convey to BOC all information in his possession, and not hide it. He failed his public duty.

124.   This is also a violation by M.Beecham of:

**- O.C.G.A. § 16-10-20 - concealment of facts in matters within the jurisdiction of the government of any county;**

**- O.C.G.A. § 16-2-20(3) - aiding and abetting in the commission of environmental crimes by the scrap yard.**

125. As a result, on Nov/13/2018, the Board of Commissioners postponed their decision.

126. Preventing Plaintiff from standing as a witness also allowed Webb and his Attorney to submit an application for a conditional business license with numerous falsifications in it (Exhibit P22):

- giving a falsified name of the business owner, which is hiding his long criminal record, including such under Environmental Law of Georgia;

- the false claim that Webb is a co-owner of the property at 248 Diamond Drive, Clarkesville. Indeed, the tax record for this property shows that the owners were (and still are) Hazel Webb and Kenneth Trotter only.

- the false claim that 'EPA was called to his property and after testing concluded that there were no environmental issues on the property (Exhibit P23). Indeed a 'Notice of Violation was issued by EPD on Oct/19/2018 (Exhibit P24) - just a few weeks before the application for a conditional business license.

127.   Such false statements made by Clarence Webb in the official Application for a conditional business license, and in particular in the signed Certificate of Ownership constitute **criminal offense** under O.C.G.A. § 16-10-20 (**Fraudulent** documents in matters within jurisdiction of political subdivisions).

128.   Based on such falsified information, on Jan/14/2019 the Board of Habersham county Commissioners (BOC) granted Clarence Webb a conditional business license for the operation of a scrapyard in the residential area of Diamond Drive, Clarkesville.

129.   Business license was granted by Board of Commissioners in violation of Comprehensive Land Development Resolution of Habersham County prohibiting any scrap yards in Low Intensity residential zones.

130.   It was also granted at the price of two felony offenses: by C.Webb and by A.Thomas.

131.   One of the reasons used by Board of Commissioners on advice from County Attorney D.Hunt was so-called 'grandfathering'.

**132.**   The claim that Webb's Recycling can 'grandfather' the right to operate the outdoor scrapyard in residential low intensity (LI) area is profoundly wrong.

133.   The business owner can 'grandfather' a right to certain action after a change in legislation if such right **lawfully** existed before the change. He cannot 'grandfather a right, which has **never lawfully existed.**

134.   In the case of Webb's Recycling, his regular business license number 14661 that he had before January 2019, only permitted him to operate **inside** the workshop and never permitted him to keep any trash outside of the building. During the meeting of the Commissioners on Nov/19/2018, M.Beecham himself has clearly stated this, and also that such an outdoor scrap yard is a violation of business license by Webb.

135.   This means that the Commission has wrongfully used the false ground of 'grandfathering', and thus **permitted Defendant Webb to violate the Law,** just because he already violated it for 12 years in the year 2018.

136.   Also, the change of the type of business license from a regular to conditional is **not** a change in legislation. Consequently, such 'grandfathering' ground for the decision of Board of Commissioners is not applicable to this case at all.

137.   Conditions of license # 14661 also included a questionable legal loophole, again suggested by County Attorney D.Hunt.

138.  When granting the conditional business license on Jan/14/2019, the County Commissioners have placed condition No. 7 prohibiting Webb's Recycling to keep trash outdoors longer than 24 hours.

139.  At the same time, Commissioners have given an option to Planning Department to waive such condition in an annual license. By doing so Commissioners delegated such a wrongful decision to Planning Director Beecham.

140.  On his part, M.Beecham asserts that Commissioners have compelled him to waive such condition No. 7 in an annual license.

141.  As a result, neither Commissioners nor Mr.Beecham take responsibility for the illegal operation of the outdoor scrap yard, and such scrap yard keeps violating Federal and State Environmental Laws and County Ordinances till this day.

142.  In the recent email of Mar/28/2022 (Exhibit P25), Defendant Beecham stated that Board of Commissioners (BOC) granted conditional business license #14661, because nobody came to the meeting on Nov/18/2018 and on Jan/14/2019 to oppose such license.

143.   The reason why nobody came to speak against Criminal Street Gang is that everybody who ever spoke against such a Gang, was destroyed by its members in a variety of ways:

- some people were forced to move out of Diamond Drive in fear for their children;

- some people were tortured till their untimely death - like the previous owner of my property;

- some people - like Plaintiff - were illegally thrown to jail by Webb to prevent her from coming to these very BOC meetings.

144.   After Plaintiff's wrongful arrest on Nov/13/2018, an employee of Habersham County W.Oliver, acting as County Solicitor General kept her on bail for 2 (two) years and 7 (seven) months without any trial by the Court of Law, during which time his private clients from RICO enterprise had a free ride in torture and intimidation of her.

145.   During this time, Plaintiff's legal and constitutional rights were severely affected.

146. Her fingerprints remained in the GCIC registry, which made it extremely difficult for her to travel internationally, including for business purposes. This negatively impacted her income, livelihood, health, and well-being.

147. For four years since the start of the money the extortion campaign by Webb and his associates, Plaintiff continued enduring their intimidation and threats.

148. At the hearing on Jan/08/2020, Case 18MT1195 was moved to the dead docket, without any Trial at the State Court.

149. However, on the same day, a new **third** malicious application of the same Accuser Clarence Webb under his falsified legal name William Webb was served on Plaintiff (Exhibit P26), and the new pre-warrant case 19PW0117 was opened at the Habersham Magistrates Court.

150. It was a new circle of the same illegal and vicious loop pursued by Defendant Webb and his group of convicted criminals, **exploiting and abusing the Judicial system**. Through the whole process, they have been assisted by employees of Habersham County.

151. This group manipulated the Judicial process in such a way that for nearly three years, Plaintiff was never tried at the proper Court of Law, but was

always kept on bail, silenced, and helpless under the cloud of unproven criminal accusations.

152.    Repeatable un-grounded applications of Webb for Plaintiff's criminal arrest resulted in a clear **violation of Due Judicial Process,** her right to **Equal Protection of the Law** and the **14th Amendment to the USA Constitution**.

153.    Consequently, on Jan/31/2020, Plaintiff, acting Pro Se, has filed at the State Court of Georgia at Habersham county the following motions:

- Motion to move the Case 18MT1195 from dead docket to active docket;

- Demand for Speedy Trial;

- Demand for Trial by Jury;

- (Third) Demand for List of Witnesses under O.C.G.A. § 17-16-21, which Habersham County Solicitor General has failed to deliver at arraignment.

154.    The Pre-warrant case 19PW0117 filed at Habersham Magistrates Court was heard by the Assigned Judge, the Chief Magistrates of White County Magistrates Court, His Honor Judge Hyde on Jul/22/2020. At that hearing, Plaintiff represented herself Pro Se.

155. The malicious Application of Defendant Webb for her criminal arrest - the **third** one that he attempted - was justly **dismissed** by the Judge due to a **lack of probable cause** (Exhibit P26).

156. However, during the hearing, several facts surfaced proving the criminal actions of Webb's Recycling.

157. At the hearing on Jul/22/2020, Clarence Webb testified under Oath that on the date of the hearing, he was operating business Webb's Recycling at 248 Diamond Drive, Clarkesville.

158. O.C.G.A §10-1-359.1 requires any business of such kind to register in the official record of secondary metal processors maintained by the Georgia Sheriff's Association:

https://gsaportal.com/Home/MetalRecyclerPublic

159. The purpose of the Register is to prevent the theft of metal.

**160.** On the date of the hearing, Webb's Recycling was not registered at the GSA portal. Indeed, during 12 years of operation as the secondary metal processor, Webb's Recycling was only registered for one year, and that registration

expired on May/20/2020. Exhibit P20 is the copy of the register on the date of hearing and on Dec/01/2020.

161. This means that on the date of the hearing, Webb's Recycling operated in **violation of OCGA 10-1-359.1.**

162. Such violation of OCGA 10-1-359.1 was assisted by Habersham Sheriff's Office. It was not only passive assistance by means of failure to enforce OCGA 10-1-359.1: Webb's Recycling operated in Habersham County without registration at the GSA portal since about the year 2006 (with one short exception of the period May/20/2019 to May/20/2020, when it was registered).

163. It was also active assistance: instead of lawful registration of Webb's Recycling at the GSA portal, Habersham Sheriff's Office has supplied this scrapyard with a questionable and false home-designed 'Certificate' shown in Exhibit P27.

164. Such Certificate was issued for periods when Webb's Recycling was not registered at the portal, as evidenced in Plaintiff's email to Ms.Duncan of Jul/06/2021 and attached document (Exhibit P28).

165. Webb's Recycling was able to produce a 'Certificate' in official situations as an identification document of his 'business' and even attempted to produce it as 'evidence' in the Court of Law. Please find more details and evidence in Plaintiff's letter to Sheriff Terrell of Oct/14/2020 (Exhibit P29).

166. This is a violation of **Federal Code 18 USC § 1028** by Habersham Sheriff's Office and by Defendant Webb (producing and possessing a false identification document).

167. Such practice of Habersham Sheriff's Office of replacing the lawful registration on the GSA portal by printing the home-designed 'Certificate' is highly questionable. It appears that Habersham Sheriff's Office is trying to re-write the Law.

168. Plaintiff will ask the Honorable Court to assess the authority of Habersham Sheriff's Office to issue such home-designed 'Certificates', replacing requirements of O.C.G.A. 10-1-359.1.

169. It was only after Plaintiff's Open Records Request to Habersham Sheriff's Office of Jun/09/2021 that they registered Webb's Recycling on the GSA portal (as shown in Exhibit P28). However, it made it possible for Georgia Law

44

Enforcement and members of the public to locate the premises of Webb's Recycling in the case of theft of metal.

170.   As a result, the scrap yard Webb's Recycling has illegally started operating under another business name: Webb's Scrap Metal (Exhibit P30). This name is not registered at the GSA portal and there is no business license issued for such a business name by Habersham County.

171.   On Oct/22/2021, Plaintiff sent an email to Chief Sheriff Deputy M.Kogod informing him about Webb's operating under such a fake business name without registration with GSA (Exhibit P31). No action is taken, and the same illegal operation continues, as will be evidenced at Discovery.

172.   A Notice in the lobby of Habersham Sheriff Department has informed the Public that the instances of theft of electric wire have become frequent in Habersham County.

173.   Operating under the fake business name, Webb's group is regularly handling big loads of electric wire and cable in Diamond Drive (Exhibit P32).

174.   Currently, Webb's group is starting the operation of industrial trucks at 5 am in the morning and revving their engines for up to 40 minutes (evidence will be

produced at Discovery) waking up the neighbors. After that, they move their questionable loads of electric wire and other metal in darkness, along the roads of Habersham County, thus trying to evade any checks by Law Enforcement.

175.   There have been 4 hearings of three Pre-Warrant Cases that Clarence Webb has maliciously initiated against me at Habersham Magistrates Court during the years 2018-2020. During these hearings, Webb has called five of his **paid** employees, with a record of dishonesty in their previous criminal cases, as his Witnesses: Robert Whitworth, Randy Hopper, Duane (Dwayne) Warwick, Billy Mull, Randall (Randy) Mull.

176.   All such witnesses have been employees of Webb's Recycling, with an immediate financial interest in the outcome of the cases initiated by their employer. Therefore, their any testimony was undeniably biased, which has given the ground for their impeachment as witnesses under provisions of O.C.G.A. § 24-6-622.

177.   Further, extensive criminal records of witnesses with the State and Magistrate Courts at Habersham County gave evidence of their dishonesty and/or their false statements made during the last 10 years.

178. Documents attached to the Addendum to Motion to Dismiss filed on Apr/02/2020 within the Case 19PW0117 provided evidence of their dishonesty. Copies of such documents will be produced at Discovery.

179. Further, at the hearing on Jul/22/2020, Webb's witnesses again lied under Oath in front of the Honorable Judge.

180. For example, the witness Billy Mull of Tiger Paw Drive, Clarkesville, GA, has testified as Witness for Webb. A frame from the live stream of the hearing depicting the current photograph of Billy Mull will be produced at Discovery.

181. At the hearing, Billy Mull stated under Oath that he is **not working** for Webb, but only coming to Diamond Drive, Clarkesville, as Mr.Webb's friend, 3-4 times a week. A copy of relevant pages 121-123 from the Transcript by the Certified Court Reporter will be produced at Discovery.

182. This statement by Billy Mull contradicted the statement from Webb himself made in his 3rd Application for my arrest (Exhibit P19, second page) filed on Nov/15/2019: 'Billy Mull **works with me** and told me I **can't work** around her watching him.'

183.   This statement also contradicts the content of Pre-Fire Plan Summary filed with Enterprise's application for business license # 16266 (Exhibit P42) and which is listing Defendant B.Mull as a contact person on the site.

184.   This is the instance of the criminal offense of Perjury during the judicial procedure (OCGA § 16-10-70) by Billy Mill.

185.   At the same hearing on Jul/22/2020, Mr.Randy Mull of Tiger Paw Drive, Clarkesville, GA, testified as Witness for Webb. A frame from the live stream of the hearing depicting the current photograph of Randy Mull will be produced at Discovery.

186.   At the hearing, Randy Mull stated under oath that he only worked for Webb's Recycling for a short period of about 6-7 months, in the second part of the year 2019. A copy of relevant pages 108-110 from the Transcript by the Certified Court Reporter will be produced at Discovery.

187.   Such a statement by Randy Mull contradicted photographic evidence that I submitted to His Honor Judge Hyde before the hearing, and which also will be produced at Discovery.. These are two photographs taken by me on Aug/25/2017, which show Randy Mull working for Webb's Recycling, and driving an illegal, oil leaking bobcat on the public Diamond Drive, in the

immediate vicinity of Plaintiff's private property, shown on the very right end of the picture.

188.   The file with the original electronic color photograph of Randy Mull, where he could be better recognized after zoom-in, than on the printed copy, will be available at the trial.

189.   This photographic evidence means that Witness Randy Mull lied under Oath in front of His Honor Judge regarding the length and dates of his employment with Webb's Recycling. This is the instance of the criminal offense of Perjury during the judicial procedure (O.C.G.A §16-10-70) by Randy Mill.

190.   The fact of criminal convictions of Webb's witnesses involving their dishonesty and making false statements has given the ground for their impeachment as a witness under provisions of O.C.G.A § 24-6-609 (a)(2).

191.   A series of malicious applications by Webb for my criminal arrest during the years 2018-2020 happened on the background of continuing physical intimidation of me by his employees and associates. This included the threat of firearm assault by an employee of Webb's Recycling Mr.Randy Clarence Hopper (known as Mike).

192.  Mr.Hopper is a long-time employee of Webb's Recycling as he testified under Oath at the hearing of Habersham Magistrates Court on Nov/13/2018.

193.  Exhibit P33 (photograph taken on Aug/25/2017) depicts Mr.Hopper working for Webb's Recycling, operating an illegal oil-leaking bobcat on the public road Diamond Drive, next to my private land  (shown on the right), and displaying indecent gestures towards me.

194.  Mr.Hopper is a convicted felon. His long criminal record includes the charge under **O.C.G.A. § 16-11-131 - possession of firearms by a convicted felon.** Exhibit P 34 shows the True Indictment in the relevant Case 02 SU CR 0250 C at the Superior Court of Georgia at Habersham county.

195.  On Sunday, Jan/26/2020, a firearms shooting was being heard from behind the property at 248 Diamond Dr, occupied by Webb, like someone tested the gun. It was obviously within 50 yards of a public road, in violation of O.C.G.A § 16-10-103.

196.  On the next Sunday, Feb/02/2020, at 11:18 am, Mr.Hopper has brought a long brown firearms rifle from the scrap yard at 248 Diamond Drive, across the Drive, to the corner of the property 315 Diamond Drive. This is where Webb was illegally operating a 'branch' of his scrap yard. At this time, Webb was

present at 315 Diamond Drive.Plaintiff's whole private land was fully visible from that location at 315 Diamond Drive.

197.  That was the open threat of firearms attack on Plaintiff by the felon, who is the employee and Witness for Webb.

198.  More details are given in Exhibit P35, which is Plaintiff's email to her Attorney of record regarding the incident. Firearms threat was also reported to the Bureau of Alcohol, Tobacco, Firearms end Explosives (ATF.gov), in Report number 16214.

199.  After that, prolonged firearms shootings took place in Diamond Drive, around my property, in the darkness, on most nights, in violation of O.C.G.A § 16-11-04.

200.  Further, R. Hopper possessed the firearm while committing the crime of intimidation of Plaintiff, which makes him severely liable under O.C.G.A. § 16-11-106.

201.  Astonishingly, in such situations of immediate and deadly danger, as described above, Plaintiff had no option to call 911, because, on Nov/13/2018,

she was already maliciously arrested for doing precisely that: lawful reporting violations of Law to Habersham Sheriff's Office and Code Enforcement.

202. Plaintiff was not even able to take photographic evidence of firearms assaults on her, because, in the spring of 2018, an employee of Habersham County prohibited her from taking pictures of evidence and ordered her to take down her security cameras installed on her own private residential cabin.

203. At the time of filing this Complaint, for legal reasons, Plaintiff is not able to disclose the details of this matter, but such details and evidence will be disclosed at the discovery stage, subject to the Court's permission. At this time, Plaintiff denotes the employee in question as Employee A.

*204.* Employee A has prohibited Plaintiff from lawful taking photographic evidence of violations of Law by the group of convicted criminals, and which she did from her own private property and with the purpose of reporting such violations to Law Enforcement;

205. By imposing such two Injunctions, Employee A has violated Plaintiff's legal right under O.C.G.A. §16-11-62 (B)(C), which expressly states the right of the property Owner *'to use for security purposes, crime prevention, or crime*

*detection any device to observe, photograph, or record the activities of persons who are on the property or an approach thereto'.*

206.  By doing so, Employee A has also violated Plaintiff's Constitutional Right to **petition the Government for a redress of grievances** under the First Amendment to the USA Constitution, because he made it impossible for her to report violations of law and abuse of her with proper photographic evidence.

207.  By imposing such two Injunctions, Employee A has enabled and assisted the group of convicted criminals to intimidate, threaten and torture Plaintiff in various ways, including firearms threats, on her own private property, and all without any opportunity for her to even take photographic evidence of torture and threats.

208.  By prohibiting Plaintiff from taking evidence, Employee A has exposed her to deadly danger at the hands of a group of convicted criminals, operating an illegal scrapyard in Diamond Drive, Clarkesville, GA, right across the narrow residential drive from her private property.

209.  Such two Injunctions by Employee A have also made it possible for Habersham County officers to continue condoning illegal activities of Webb's Recycling.

210.  By doing so, Employee A has retaliated against Plaintiff for her lawful and well-evidenced reporting of violations of Law to Habersham Law enforcement.

211.  Since Employee A is a direct employee of Habersham County, his/her two Injunctions are manifestations of their conflict of interest.

212.  By acting in a conflict of interest, Employee A has used his position to obtain special treatment for his/her direct employer - Habersham County of Georgia. Consequently, the actions of Employee A appear to be not only illegal but malicious.

213.  Nevertheless, Plaintiff has dutifully followed such directions given by Employee A and did not take any pictures related to the activity of Webb or his associates since Apr/24/2018 when the first application of Webb for her criminal arrest was served on her.

*214.*  This means that since Apr/24/2018, Webb and managed by him group of convicted criminals had a free ride in staged provocations, intimidation, torture, and threats of firearms assaults o Plaintiff , with no chance for her to defend herself or even take any documentary evidence.

215.   Such a situation was violating provisions of O.C.G.A. § 16-11-62 (B),(C); O.C.G.A. § 16-10-93 (A),(C), and the First Amendment to the USA Constitution, which states *'the right of the people ... to petition the Government for a redress of grievances'*.

216.   Such injustice continued for nearly four years until the rightful Order by the Honorable Judge of the State Court of Georgia dated Dec/02/2020, which expressly confirmed Plaintiff's legal right to take photographic evidence of a violation of Law from her private property (Exhibit P36). This has stopped the everyday torture of her by metal cutting saws operated by employees of Webb's Recycling.

217.   However, this type of torture was replaced by the regular attacks on Plaintiff by dangerous breed dogs, on her own property, and initiated by Webb and members of his group.

218.   On Dec/20/2020, Webb, and his employee brought a dangerous breed dog to their scrap yard and then induced it to attack Plaintiff on her own land and her own porch, located right across the narrow residential Diamond Drive.

219.  Exhibit P37 is the photograph of a German Sheppard dog and its handlers in their scrapyard, right before they have sent the dog to Plaintiff's land. This photograph is taken from the window of her bedroom.

220.  Exhibit P38 depicts a photograph of the dog on Plaintiff's private porch.

221.  On Dec/20/2020, the German Sheppard dog induced by Webb chased Plaintiff on her land and actually forced her to hide inside her house. She felt threatened and intimidated.

222.  Being locked in her house without an opportunity to step on her own porch, Plaintiff phoned 911 and the Animal Control Officer Mr.C.Broadway has attended later in the day when Mr.Webb, his employee, and the dog have already left the area.

223.  As another example, Exhibit P39 depicts the photographs taken on Dec/30/2020 of Mr.Randy Hopper, the long-time employee of Webb's Recycling and felon, who already threatened Plaintiff with firearms on Feb/02/2020. Mr.Hopper is illegally operating the secondary metal processing without registration with Georgia Sheriff's Association. He is doing that on the public right of way and keeping his another dangerous breed dog on Plaintiff's land.

224.    Further, on Jan/31/2021, another violent attack on Plaintiff by the same
German Sheppard dog as on Dec/20/2020, took place on her private land. It
was reported to Sheriff's Department and Animal Control manager M.Nix.
This was a new act of intimidation and violent attacks on Plaintiff by Webb
and his associates.

225.    On Feb/12/2021, Habersham Magistrates Court, within the case 21OR0010,
sentenced James Smith, an associate of Defendant Webb, to a fine of $100 for
violations of Animal Control regulations. The fine was 'suspended upon
becoming compliant'. Smith continued the same violations by keeping his
German Shepard dog at large. Evidence of that was submitted to County
Manager A.Vaughn and Animal Control Manager M.Nix on Jan/14/2022, and
also will be produced at Discovery.

226.    Habersham Courts do not have any evidence of enforcement of this fine by
Animal Control. This deprived the County taxpayers of the well-deserved
amount of $100.

227.    This means that Animal Control of Habersham County, whose function is to
enforce violators of ordinances to the benefit of the County, acts by assisting
the RICO enterprise to detriment of Habersham taxpayers.

228.   The owner, employees, and associates of Webb's Recycling have many dogs, including those of dangerous breeds, who are not kept under physical control pursuant to Habersham county Ordinance Sec.10-31, requiring the dog owners to keep them under control in public areas.

229.   Instead, multiple dogs roam the neighborhood, trespass neighbor's private properties, foul the neighbor's private land, and attack the neighbors on their own property.

230.   At the State of the County meeting on Jan/25/2022, Plaintiff spoke about violations of Animal Control Ordinances in Diamond Drive and continuing attacks on her by an aggressive German Shepherd dog. Vise-Chairman Harkness promised to investigate.

231.   Unfortunately, even Vice-Chairman Harkness is not able to stop violations of County Ordinances in Habersham County. Violations of animal control Ordinances do continue as evidenced by recent photographs taken after Jan/19/2022:

https://drive.google.com/drive/folders/

1_QIk4GxpNQDqyK8qUBJMpChYMFALgck

232. Dogs owned by the group continue uncontrolled roaming of the public roads, trespassing Plaintiff's land, damaging her property, eating her plants and attacking her on her own land.

233. Dangerous German Sheppard dog, which attacked Plaintiff several times on her own porch is currently being kept at several locations around Diamond Drive. It is still uncontrolled on the roads and attacked her again on her porch, for the third time, on Feb/02/2022.

234. Plaintiff considers such attacks by dogs as much more serious than just a violation of Animal Control Ordinances. This is continuing intimidation of her by RICO enterprise operating in the middle of the residential area.

235. Dogs are not the only creatures laying excrement on Plaintiff's private land. In violation of County Ordinance Sec.18-73(D), Webb's Recycling does not have any restroom facilities for employees on the working premises, as required by the County Ordinance 18-73 (D). As result, they use Plaintiff's land, located right across narrow residential Diamond Drive as their restroom.

236. In the year 2017, another illegal business license # 15170 was issued to RICO enterprise at the business location:   1289 Hollywood Church Road, Clarkesville GA 30523,  in a residential area, without any consideration by BOC as a conditional business license and in violation of CLDR.

237.  The Scrap yard at this location in Hollywood Church Road is even bigger than on Diamond Drive.

238.  For the period of Jan/01/2020 to Jan/27/2022, RICO enterprise operated a huge scrap yard at this address in Hollywood Church Road without any business license and without registration with GSA as a secondary metal processor.

239.  Members of the group used both locations for questionable storage of loads like school furniture (Exhibit P40). They kept such loads in Diamond Drive for 7-10 days, and in case no theft reports are filed with Sheriff's Office, they moved such loads to Hollywood Church Road and sold furniture there.

240.  Plaintiff's numerous messages about violations of County Ordinances in Diamond Drive to Code Enforcement Officer, K.McGugan have been ignored by him.

241.  On Jan/23/2021  Plaintiff sent to M.Beecham the Certified letter with an update about continuing violations of County Ordinances and Law of Georgia by Webb's Recycling (will be produced at Discovery). She havs not received any response.

242.  On Mar/15/2021, at the meeting of BOC, Plaintiff handed personally to each Commissioner a copy of this letter to M.Beecham, together with more recent

evidence of violations. No action is taken by BOC, or, if taken they proved to be ineffective. All violations of County Ordinances and Environmental Laws of Georgia do continue today.

243.   Members and associates of Webb's enterprise violated Georgia traffic laws in our narrow residential Diamond Drive during all years of operation. This included speeding in reverse in the area where children walk to the school bus. Such violations have been reported to Habersham Law Enforcement with evidence but were condoned by them. Violations of traffic laws of Georgia continue today, as follows.

244.   Members of the group operate the business and personal vehicles without any registration plate, with registration plate intentionally covered by a sheet of rubber, or completely covered by dirt, so that law enforcement and the Public could not report their actions (photographic evidence will be produced at Discovery)

245.   In violation of O.C.G.A. § 40-6-203 (2)(D), occupants of the property at 248 Diamond Drive, continually park their vehicles within 30ft upon the approach to the stop sign at the intersection of Diamond Drive and Eldorado village road (photographic evidence will be produced at Discovery)

246. Further, up to 10 vehicles, belonging to such individuals, are routinely parked on the public right of way of Diamond Drive, thus reducing it to a one-file road along about 150 ft, and forcing the northbound traffic to drive in the wrong left side of the road (photographic evidence will be produced at Discovery)

**247.** This also dramatically endangers  the safety of traffic by obstructing clear view of the road for vehicles approaching the crossroad along Diamond Drive northbound and turning right to Eldorado Village Road, and also for vehicles approaching the crossroad along Eldorado Village Rd westbound and turning left to Diamond Drive.

248.  By doing so, members and associates of Webb's group impede traffic and **violate O.C.G.A. § 40-6-202.**

249.  As an example, Exhibit H64 gives photographic evidence of the recent dangerous driving by Webb's group on Mar/15/2022, when they obstructed the right side of the road by their numerous parked vehicles, drove their business truck on the wrong left side of the road heading for the front collision with the car driven by Plaintiff in the correct right side of the road, and then shouting and intimidating her after their own traffic violations.

250.   Webb's group is keeping an industrial size dumpster on a public right-of-way with trash lying all around it (photographic evidence will be produced at Discovery)

251.   The whole Habersham County is bringing both industrial and domestic trash to this dumpster, with a lot of bunging and smashing noise.

252.   Three days after 'investigation' was promised by Vice-Chairman Harkness at the State of the County meeting on Jan/25/2022, the RICO group of Webb was rewarded with two NEW illegal business licenses issued on Jan/28/2022:

- License #16265 at the address 248 Diamond Drive, Clarkesville GA 30523 (Exhibit P41)

- License #16266 at the address 1289 Hollywood Church Road Clarkesville (Exhibit P42)

253.   Business licenses with the numbers #16265 and #16266 did not exist at these addresses in any of the previous years and consequently, they are NEW licenses first issued by Habersham Planning Department on Jan/28/2022.

254.   In violation of Habersham County Ordinance, Sec. 18-66. - (1) (g), both Licenses #16265 and #16266 do not show the mapping district classification of the business premises to be occupied.

255.  Such **NEW** licenses raised questions about their legality. Plaintiff's email and Certified letter to Habersham Licensing Specialist S.Worley is given in Exhibit P43. Ms.Worley, Planning Director M.Beecham, and County Attorney D.Hunt have refused to answer these questions.

256.  Unless evidence to the contrary is produced by Planning Department, Plaintiff assumes that the officer who has approved and signed business licenses #16265 and #16266 on Jan/28/2022 is Planning Director, M.Beecham.

257.  In violation of Habersham County Ordinance Sec. 18-66 (6), M.Beecham has failed to verify the legal identity of the responsible person by his driving license before issuing a business license # 16265.

258.  On numerous occasions, Plaintiff reported to Planning Department that the legal name of the individual in question is Clarence Webb.

Once again Clarence Webb violated **O.C.G.A. § 16-10-20**  (Fraudulent documents in matters within jurisdiction of political subdivisions) by giving his name as William Webb. This means that M.Beecham has knowingly and willfully accepted the Application for business license # 16265 known to him to be fraudulent.

259. This is a violation by Habersham County, its Planning Department and M.Beecham of:

**- O.C.G.A §16-9-121 (b) - identity fraud by receipt**

**- O.C.G.A §16-2-20 (3) - aiding and abetting** violation of O.C.G.A. § 16-10-20.

260. Moreover, Mr.Beecham was not ashamed to list the same individual under two **different** legal names in two consecutive licenses issued on the same day:

- as WILLIAM WEBB in the license #16265

- as CLARENCE WEBB in the license #16266.

261. Principal Use of Licenses 16265 and 16266 is Private Recycling or Scrap Center.

This violates requirements given in the Table of Sec.306 (Uses Permitted in Each Land Use District) of the Comprehensive Land Development Ordinance (CLDO) of Habersham County for our Low-Intensity Residential District (LI-R). CLDO only permits such 'businesses' in High Intensity (HI) Land District and as a Conditional Use only.

262. Both licenses #16265 and #16266 were never considered and never approved at the Meeting of the Habersham Board of Commissioners.

263.   As evidenced by the Minutes of BOC meeting on Jan/14/2019, Conditional use #14661 given at that meeting by Board of Commissioners for the operation of a scrap yard in Diamond Drive was only given to the license # 14661, as long as such license is in operation. It is not applicable to the new license #16265.

264.   Consequently, the document 'Waiver' signed by M.Beecham on page 3 of Exhibit P41 has no grounds and no relevance to the new license #16265.

**265.**   Email from Licensing Specialist Worley of Feb/21/2022 (Exhibit P44) shows that the records at the address 248 Diamond Drive Clarkesville GA 30523 have been made directly unsearchable in the database of business licenses of Habersham County, and are essentially hidden.

266.   This is a violation by Habersham County, its Planning Department, and by Officer (TBI) of **O.C.G.A. § 45-11-1 - concealment of public records.**

**267.**   The facts and evidence of violations of Law by Habesham County and its relevant employees given in this letter are not exhaustive. Further facts and evidence will be disclosed at the discovery stage of forthcoming action.

**268.**   The evidence given above shows wide-ranging and coordinated assistance offered to the RICO enterprise of Defendant Webb by several departments of

Habersham County and by its relevant officers. This amounts to full-scale **conspiracy to cover up the existence of such an enterprise in Habersham County.**

**269.** This also amounts to a **conspiracy against** Plaintiff's **Civil Rights,** which is a violation of **Federal Code 18 USC § 241.**

270. Consequently, **Federal Code 42 USC § 1983, 42 USC § 1985, 42 USC § 1986 give** Plaintiff a Cause of civil action for **deprivation of her civil rights.**

271. As a result of three malicious applications by Webb for the criminal arrest of me during the years 2018-2021, enabled by the Officers of Habersham County, Plaintiff have suffered mental anguish after being falsely accused of a crime. She suffered physical and mental pain, damage to health, emotional distress, social humiliation, and embarrassment.

272. Plaintiff has spent my whole life working as a scientist and scholar at leading scientific institutions and Universities of the world and never came even close to the world of convicted criminals and repeatable felons.

273. However, her wrongful arrest was well-publicized on the internet by the portal 'Habersham Now' and this has destroyed her professional and personal reputation.

274. On Apr/28/2022, Plaintiff sent to Habersham County and its relevant employees, including Defendants Beecham and Terrell, the formal Letter Before Legal Action, informing them about this forthcoming action (an excerpt is in the Exhibit P45).

275. Plaintiff asked the County to take very limited steps in order to partially rectify their violations of Law.

276. The County did not take any steps or such steps proved to be ineffective. Nothing has changed in Diamond Drive.

277. On May/12/2022, Plaintiff sent to Defendant Webb the formal letter, informing them about this forthcoming action.

278. On May/26/2022, Plaintiff sent an email to Defendant Terrell informing his about new violations of traffic laws of Georgia by Defendant Webb. (Exhibit P46). Defendant Terrell has condoned such actions of Defendant Webb.

## COUNT 1

## FEDERAL AND STATE RICO (18 U.S.C. § 1961 (C), O.C.G.A § 16-14-4 (B))

279.    This Count is against Defendant Webb.

*280.*    Both the United States Congress and the Georgia Legislature have passed legislation making it a crime to engage in Racketeer Influenced and Corrupt Organizations. The Federal law is codified at 18 USC § 1961 *et seq.* and the Georgia law is codified at O.C.G.A. § 16-14-1 *et seq.* (collectively referred to as the "RICO Act).

281.    Engaging in a **pattern of racketeering activity** is defined as engaging in at least two acts of racketeering in furtherance of one or more incidents, schemes or transactions that have the same or similar intents, results, accomplices, victims or methods of commission or are otherwise interrelated (18 USC § 1961 *et seq,* O.C.G.A. § 16-14-3(8))

282.    The allegations of paragraphs 15 through 278 of 'Facts' are incorporated herein by reference.

283.    The alleged **RICO enterprise** is an interconnected network of private scrap yards operating under business names Webb's Recycling, Webb's Recycling #1, Webb's Recycling #2, and under unlicensed label of Webb's

Scrap Metal, at several locations in Habersham County, Georgia.

284.     Defendant Webb is **operating and managing** such enterprise. He
obtained from Habersham County a number of business licenses giving as the
name of the person responsible for the scrap yard his real legal name Clarence
Webb and also his falsified legal name William Webb.

285.     Enterprise is comprised of about dozen of current or former employees
and about dozen of associates.

286.     Defendants Whitworth, Hopper, B.Mull, R.Mull are current or former
employees of enterprise.

287.     Defendants Beecham and Terrell are employees of Habersham County,
who assisted enterprise in furthering its RICO affairs.

288.     Associates of enterprise include two individuals, Lisa Garner and
Carolyn Dailey, who provided their private residential land for operation of
illegal branches of enterprise.

289.     Webb's enterprise is an ongoing association that functions as a
**continuing unit with common purpose.**

290.     However, Defendants are **not identical** to enterprise. All liable persons
and the Enterprise are different entities.

291.     RICO activity of enterprise as described in this Complaint is significantly

different from a proper activity that a bona-fide recycling center should have.

Webb's Recycling is operating for number of years continually violating Federal and State Environmental Laws, O.C.G.A. 10-1-359.1, and more than 30 Ordinances of Habersham County - every day.

292.  RICO enterprise and Defendants enjoy **unlawful benefits** by operating enterprise via bypassing numerous environmental, fiscal, trade and commercial Laws and social norms.

293.  Activity of Webb's enterprise affect **interstate commerce** as follows:

- Enterprise is operating in 3-state area of Georgia, North Carolina and South Carolina. Employees of enterprise regularly move trash and other materials across the state borders.

- Scrap yard in Diamond Drive, Clarkesville is located immediately on the bank of the Little Creek. Toxic liquid run-off from the site and from the industrial size dumpster goes directly to the Little Creek and then to Chattahoochee River and all the way to the Gulf of Mexico. This negatively affect operation and commerce of agricultural, recreational and other businesses in all States bordering Gulf of Mexico.

294. Defendant Webb conducts the enterprise's affairs through a **pattern of racketeering activity** and for the unlawful purposes, which include intentionally damaging Plaintiff.

295. Predicate acts that constitute racketeering activity are enumerated in 18 U.S.C § 1961 and O.C.G.A. § 16-14-3(9)(A).

296. The following actions are **RICO predicate acts** where Defendant Webb conducted the affairs of the Enterprise through a pattern of racketeering activity:

### *Count 1, Predicate act #1.*

297. On Apr/23/2018 Defendant Webb filed **first** malicious application for Plaintiff's private criminal arrest with the purpose:

- to retaliate, intimidate and eliminate her as witness of violations of Law by Enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (c) **(Influencing witnesses),** and consequently - **Racketeering activity;**

- to further money **the extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and via possible judicial compensation - Racketeering activity;

298. On Jun/12/2018, Habersham Magistrates Court has dismissed this first Application of Webb for criminal arrest of Plaintiff due to absence of probable

cause. This has shown to Plaintiff her innocence and on that date she **discovered injury** made to her by this predicate act # 1 by Defendant Webb.

### *Count 1, Predicate act #2*

299. On Nov/02/2018 Defendant Webb filed **second** malicious application for Plaintiff's private criminal arrest with the purpose:

- to prevent her from coming to the meeting of Habersham Board of Commissioners due in 6 days, on Nov/19/2018, where the Board considered revocation of enterprise's business license. This is violation of 18 U.S.C. § 1513(B) and O.C.G.A. § 16-10-93 (B) **(Influencing witnesses),** and consequently - **Racketeering activity;**

- to prevent her from standing as witness at the meeting of Habersham Board of Commissioners on Nov/19/2018. This is violation of 18 U.S.C. § 1513(B) and O.C.G.A. § 16-10-93 (A) **(Influencing witnesses),** and consequently - **Racketeering activity;**

- to retaliate, intimidate and eliminate her as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C) **(Influencing witnesses),** and consequently - **Racketeering activity;**

●   to further money **the extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and via possible judicial compensation - **Racketeering activity;**

300. On Jun/29/2021, State Court of Georgia has dismissed the Criminal Case 18MT1195 resulting from second malicious application by Webb for private criminal arrest of Plaintiff (Exhibit P17). This has shown to Plaintiff her innocence and on that date she **discovered injury** made to her by this predicate act #2 by Webb.

### *Count 1, Predicate act #3*

301. On Dec/05/2018   Defendant Webb submitted to Habersham Planning department falsified application for conditional business license for enterprise Webb's Recycling:

- giving his falsified legal name thus hiding his record of violations of environmental Law (O.C.G.A §16-7-52 (a)(1)).

- falsely stating that he is the owner of the property at 248 Diamond Drive, Clarkesville.

**302.**  This is violation of  O.C.G.A. § 16-10-20 - **False** statements and **fraudulent** documents in matters within jurisdiction of political subdivisions, and consequently - **Racketeering activity;**

### *Count 1, Predicate act #4*

**303.**  On Dec/11/2018  Defendant Webb, via his attorney J.Dempsey, submitted to Habersham Planning department falsified 'Letter of Intent' for Enterprise Webb's Recycling. He falsely claimed that EPA did not find any environmental violations at the location of Enterprise, while in reality the Notice of Violations was issued by EPD on Oct/19/2018 - just a few weeks before.

**304.**  This is violation of  O.C.G.A. § 16-10-20 - **False** statements and **fraudulent** documents in matters within jurisdiction of political subdivisions, and consequently - **Racketeering activity;**

### *Count 1, Predicate act #5*

305.  On Nov/15/2019  Defendant Webb filed **third** malicious application for Plaintiff's  private criminal arrest with the purpose:

- to retaliate, intimidate and eliminate her as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C) **(Influencing witnesses),** and consequently - **Racketeering activity;**

- to further **the extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and via possible judicial compensation - **Racketeering activity;**

306.   The Pre-warrant case 19PW0117 filed at Habersham Magistrates Court was heard by the Assigned Judge, the Chief Magistrates of White County Magistrates Court, His Honor Judge Hyde on Jul/22/2020. At that hearing, I represented myself Pro Se.

**307.**   On Jul/22/2020, Habersham Magistrates Court has dismissed this **third** Application of Defendant Webb for criminal arrest of Plaintiff due to absence of probable cause. This has shown to Plaintiff her innocence and on that date she **discovered injury** made to her by this predicate act # 5 by Defendant Webb.

308.   On the same date Plaintiff **discovered racketeering pattern** of predicate acts by Webb.

309.   On the same date **Cause of action** under RICO has accrued.

### *Count 1, Predicate act #6*

310. On Dec/20/2020  Defendant Webb has brought a dangerous breed German Shepard dog to his scrap yard in Diamond Drive and induced the dog to attack Plaintiff on her own private porch, located across a narrow residential Drive, as detailed *ut supra* of this Complaint.

311. This was a **violent** attack on Plaintiff by Defendant Webb, and consequently **- Racketeering activity;**

312. Under Count 1, Defendant Webb participated in all predicate acts #1 to #6.

313. Defendant Webb committed all predicate acts **willfully and with actual knowledge of the illegal activities.**

314. Pursuant to and in furtherance of his fraudulent schemes, Defendant Webb committed multiple related acts of:

1. Using judicial process as a tool of intimidation of witness;

2. Physical intimidation of witness - by firearms and dangerous breed dogs.

3. Falsification of legal documents related to operation of Enterprise.

315. These acts set forth above constitute a **pattern of racketeering activity** pursuant to 18 U.S.C. § 1961(5).

316.  Section 1961(5) defines a "pattern of racketeering" as "at least two acts of racketeering activity . . . the last of which occurred within ten years after the commission of a prior act of racketeering activity."

317.  The acts of racketeering activity listed above are **related.** They are not isolated acts, but possess:

● Vertical relatedness:   all predicate acts are **directly related to Webb's Enterprise;**

● Horizontal relatedness:   predicate acts have the **same or similar purposes, results and methods of commission:**

1)     eliminate Plaintiff as a  witness of violations by Enterprise;

2)     extort money by means of purposed legal compensation;

3)     maintain documentation of Enterprise by fraudulent means.

318.  The acts of racketeering activity had the **same participants -** Defendant Webb and his several paid employees. They had the **same victim -** Plaintiff.

The acts of racketeering activity amount to **continued** criminal activity:

●        They  consist  of  a  **series  of  related  predicate  acts**  extending  over  a

substantial period of time;

●       They also pose a threat of further **continuing criminal conduct**, because:

- on Jan/28/2022, Defendant Beecham has issued for Defendant Webb two new illegal business licenses for operation of Enterprise;

- on the date of filing this Complaint, Defendant Terrell is continuing sponsoring Defendant Webb and his Enterprise in violation of traffic Laws;

- Enterprise is still located and operating in a residential area, where innocent neighbors still witness their unlawful actions. This poses the threat of further retaliation against witnesses;

319.     Since the racketeering predicates in this case are both **related** and amount to **continued** criminal activity, the pattern of racketeering activity is confirmed by 'Continuity Plus test'.

320.     The Count I Defendant Webb has directly conducted the Enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962 (C) and O.C.G.A § 16-14-4 (B).

321.     Plaintiff is a person (an individual) who is capable of holding a legal and beneficial interest in property.

322.     As a **direct and proximate result** of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs has

been **injured** in her property and business in that:

- she suffered **monetary costs** of defending numerous criminal cases wrongly initiated against her by Defendant Webb: Attorney's fee, legal costs, associated expenses of Court proceedings;

- her Company Saville Solver Ltd. was **economically damaged,** because for about four years she was not able to work for the Company, and instead had to spend many thousands of hours for legal research and legal procedures as Defendant PRO SE, when compelled to litigate;

323. Such Injuries were both **factually and proximately caused** by RICO violations by Defendant.

324. Plaintiff is **directly injured in fact**: she would not have been injured, if not a conduct of Defendant Webb.

325. Her monetary injury was **foreseeable** before the start of repeatable litigations by Webb, and **no intervening causes** of injury existed.

326. Consequently, Plaintiff who is alleging economic damage, has **standing** under Rico counts.

327. **WHEREFORE**, Plaintiff respectfully prays as follows:

1) That Plaintiff Saville has a judgment against Defendant Webb to compensate Plaintiff for **direct actual expenses** including, but not limited to:

- Attorney's fees in Case 18MT1195 in the amount of $17,601-25 as proven at the trial;

- Further relevant expenses in Case 18MT1195 in the amount of $4,231-33 as proven at the trial;

- Cost of the written transcript by professional Court Reporter and other relevant expenses for the Case 19PW0117, in the amount of $1,026-28 as proven at the trial;

- **Monetary damages** to Plaintiff's Company due to her inability to work for about four years (to date) while representing herself Pro Se in compelled litigation of four Court Cases (18PW0025, 18PW0090, 18MT1195, 19PW0117), which included an appearance at eleven Court hearings (to the date of this submission) and many thousands of hours of legal research and legal work, in the amount of $ 200,000-00.

- Further compensatory monetary damages as proven at the trial;

2) That Plaintiff Saville has a judgment against Defendant Webb for **treble actual damages** pursuant to 18 U.S.C. § 1964 (C), O.C.G.A § 16-14-6 (C).

3) That Plaintiff Saville has a judgment against Defendant Webb for the costs of this action and Attorney's fees, if Plaintiff chooses to employ such Attorney;

4) That Plaintiff be awarded pre-judgment and post-judgment interest on damages awarded;

5) That this Honorable Court grants such other and further relief as it deems just and proper.

## COUNT 2

## FEDERAL AND STATE RICO (18 U.S.C. § 1961 (D), O.C.G.A § 16-14-4(C))

328.     This count is against Defendants Webb, Whitworth, Hopper, B.Mull, R.Mull, Beecham, Terrell  (the "Count 2 Defendants").

329.     The statements of paragraphs 15 through 278 on 'Facts' are incorporated herein by reference.

330.     The statements of paragraphs 280 through 295 on **characteristics of Enterprise** are incorporated herein by reference.

331.  **Predicate acts** of the Count 2 are as follows:

*Count 2, Predicate act #1*

**332.** On May/08/2018, Defendant Webb and his paid employee Defendant Whitworth, acting in concert, conspired for Whitworth to testify and lie under Oath at the hearing of Habersham Magistrates Court with the purpose:

- to retaliate, intimidate and eliminate Plaintiff as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C), **(Influencing witnesses)**, and consequently - **Racketeering activity;**

- to further the **extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and possible judicial compensation - **Racketeering activity;**

### *Count 2, Predicate act #2*

**333.** On Jun/12/2018, Defendant Webb and his paid employee Defendant Whitworth, acting in concert, conspired for Whitworth to testify and lie under Oath at the hearing of Habersham Magistrates Court with the purpose:

- to retaliate, intimidate and eliminate Plaintiff as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C) **(Influencing witnesses)**, and consequently - **Racketeering activity;**

- to further **the extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and possible judicial compensation - **Racketeering activity;**

### *Count 2, Predicate act #3*

334. On Nov/13/2018, Defendant Webb and his paid employee Defendant Hopper, acting in concert, conspired for Hopper to testify and lie under Oath at the hearing of Habersham Magistates Court with the purpose:

- to prevent Plaintiff from coming to the meeting of Habersham Board of Commissioners due in 6 days, on Nov/19/2018, where the Board considered revocation of enterprise's business license. This is violation of 18 U.S.C. § 1513(B) and O.C.G.A. § 16-10-93 (B) **(Influencing witnesses)**, and consequently - **Racketeering activity;**

- to prevent her from standing as witness at the meeting of Habersham Board of Commissioners on Nov/19/2018. This is violation of 18 U.S.C. § 1513(B) and O.C.G.A. § 16-10-93 (A) **(Influencing witnesses)**, and consequently - **Racketeering activity;**

- to retaliate, intimidate and eliminate her as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C) **(Influencing witnesses)**, and consequently - **Racketeering activity;**

- to further **the extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and possible judicial compensation - **Racketeering activity;**

### *Count 2, Predicate act #4*

335.  On Nov/19/2018, at the meeting of Habersham Board of Commissioners, Defendant Beecham, knowingly and willfully,  has hidden from the Commissioners most of the damaging information about activity of Enterprise, known to him, as detailed in the points *ut supra* in this Complaint. This led to Commissioners giving Enterprise the illegal business license #14661.

336.  Such action of Defendant Beecham is violation of:

- O.C.G.A. § 16-10-20 - **concealment** of facts in matters within the jurisdiction of the government of any county,  and consequently - **Racketeering activity;**

- O.C.G.A. § 16-2-20(3) - aiding and abetting in the commission of Federal and State environmental crimes by the Enterprise, and consequently - **Racketeering activity;**

337. Such predicate act was committed by Defendant Beecham knowingly and willfully, and contributed to furtherance of Enterprise's illegal schemes.

### *Count 2, Predicate act #5*

**338.** On Feb/02/2020, Defendant Webb and Defendant Hopper, acting in concert, conspired for Hopper to intimidate Plaintiff by firearms, as detailed *ut supra* in this Complaint.

339. This is violation of O.C.G.A. § 16-11-131 - possession of **firearms** by a convicted felon Hopper, and consequently - **Racketeering activity;**

### *Count 2, Predicate act #6*

**340.** On Jul/22/2020, Defendant Webb and his paid employee Defendant Billy Mull, acting in concert, conspired for B.Mull to testify and lie under Oath at the hearing of Habersham Magistrates Court with the purpose:

- to retaliate, intimidate and eliminate Plaintiff as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C) **(Influencing witnesses)** , and consequently - **Racketeering activity;**

- to further the **extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and possible judicial compensation - **Racketeering activity;**

341. Further, Defendant B.Mull lied under Oath as detailed *ut supra* in this Complaint. This is violation of OCGA § 16-10-70 **(Perjury** during the judicial procedure) by Billy Mill, and consequently - **Racketeering activity;**

**342.** On the same date, Jul/22/2020, Defendant Webb and his paid employee Defendant Randall Mull, acting in concert, conspired for R.Mull to testify and lie under Oath at the hearing of Habersham Magistrates Court with the purpose:

- to retaliate, intimidate and eliminate Plaintiff as witness of violations of Law by enterprise, which is violation of 18 U.S.C. § 1513(b) and O.C.G.A. § 16-10-93 (C) **(Influencing witnesses)** , and consequently - **Racketeering activity;**

- to further the **extortion** scheme from Plaintiff by means of intimidation by private criminal arrest and possible judicial compensation - **Racketeering activity;**

**343.** Further, Defendant R.Mull lied under Oath as detailed *ut supra* in this Complaint. This is violation of OCGA § 16-10-70 (**Perjury** during the judicial procedure) by Randall Mill, and consequently - **Racketeering activity;**

**344.** Further, on the same date, On Jul/22/2020, Defendant Webb has produced, as evidence, 'Certificate' signed by Defendant Terrell, and **falsely** claiming that enterprise Webb's Recycling 'has met the requirements set forth by OCGA 10-1-359.1', at the time when Webb's Recycling **was not registered at GSA portal,** thus violating such requirements.

**345.** This is violation of O.C.G.A § 16-10-70 (**Perjury** during the judicial procedure) by Defendant Webb and consequently - **Racketeering activity;**

346. This is also violation of O.C.G.A. § 16-10-20 (**Fraudulent** documents in matters within jurisdiction of political subdivisions), and Courts of Law by Defendant Terrell.

347. As evidenced by information given in emails from the Records Supervisor of Sheriff's Office K.Duncan (Exhibit P28), Defendant Terrell did know or should have known that such 'Certificate' was issued in his name, to Enterprise.

348. Such predicate act was committed by Defendant Terrell knowingly and willfully, and contributed to furtherance of Enterprise's illegal schemes.

349. Consequently, this is **Racketeering activity** by Defendant Terrell.

### *Count 2, Predicate act #7*

350. On Jan/28/2022, Defendant Webb and Defendant Beecham, acting in concert, conspired to produce for the Enterprise two new illegal business licenses #16265 and #16266 in violation of Habersahm County Comprehensive Land Development Ordinance and bypassing any permission by the Board of Commissioners.

351. While doing so, they gave the legal name of the same individual (Defendant Webb) in two different ways in two consequtive licenses. They falsified the legal name of scrap yard's responsible person Clarence Webb in the license # 16265 giving it as William Webb.

352. Such 'substitute' is not an innocent typo in case of the leader of RICO enterprise, and is intended to obstruct Justice.

353. Such predicate act was committed by Defendant Beecham **knowingly and willfully,** and contributed to furtherance of Enterprise's illegal schemes.

**354.** This action is violation of O.C.G.A. § 16-10-20 (**Fraudulent** documents in matters within jurisdiction of political subdivisions), by Defendant Webb and Defendant Beecham, and consequently - **Racketeering activity;**

### Count 2, Predicate act #8

355. On Feb/21/2022 or shortly before that date, Defendant Beecham, acting as Planning Director of Habersham County, has allowed the records of Enterprise at their location in 248 Diamond Drive, Clarkesville to be made directly unsearchable in the database of business licenses of Habersham County. This made them essentially hidden.

**356.** Such predicate act was committed by Defendant Beecham **knowingly and willfully,** and contributed to furtherance of Enterprise's illegal schemes.

357. This is a violation of O.C.G.A. § 45-11-1 (**concealment** of public records) by Defendant Beecham, and consequently - **Racketeering activity;**

### Count 2, Predicate act #9

358. Up to the date of filing this Complaint, in June 2022, Defendant Terrell has failed to enforce numerous violations of traffic Laws by employees and

associates of Enterprise, thus endangering Public safety, as detailed *ut supra* in this Complaint.

359. Such predicate act was committed by Defendant Terrell **knowingly and willfully,** and contributed to furtherance of Enterprise's illegal schemes.

360. This is violation of O.C.G.A. § 16-2-20(3) (Aiding and abetting the crime) by Defendant Terrell, and consequently - **Racketeering activity;**

361. **Under Count 2:**

Defendant Webb participated in predicate acts #1, #2, #3, #5, #6, #7, #9.

Defendant Whitworth participated in predicate acts #1 and #2;

Defendant Hopper participated in predicate acts #3 and #5;

Defendant Beecham participated in predicate acts #4, #8, and #9;

Defendant Terrell participated in predicate acts #6 and #9;

Defendant B.Mull participated in predicate act #6;

Defendant R.Mull participated in predicate act #6.

362. Count 2 Defendants committed all predicate acts **willfully and with actual knowledge of the illegal activities.**

363.   The Count 2 Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962 (c), in violation of **18 U.S.C. § 1962(d).**

364.   As **direct and proximate result** of the Count 2 Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in her property and  business in that:

- she suffered monetary expenses of defending numerous criminal cases wrongly initiated against her by Defendant Webb: Attorney's fee, legal costs, associated expenses of Court proceedings;

- her Company Saville Solver Ltd. was economically damaged, because for about four years she was not able to effectively work for the Company, and instead had to spend many thousands of hours for legal research and legal procedures as Defendant Pro Se, when compelled to litigate;

365.   Such Injuries were both **factually and proximately caused** by RICO violations by Defendants.

92

366. Plaintiff who is alleging monetary and economic damage, has **standing** under Rico Count #2.

367.    **WHEREFORE**, Plaintiff respectfully prays as follows:

1) That Plaintiff Saville has a judgment against Count #2 Defendants to compensate Plaintiff for **direct actual expenses** including, but not limited to:

- Attorney's fees in Case 18MT1195 in the amount of $17,601-25 as proven at the trial;

- Further relevant expenses in Case 18MT1195 in the amount of $4,231-33 as proven at the trial;

- Cost of the written transcript by professional Court Reporter and other relevant expenses for the Case 19PW0117, in the amount of $1,026-28 as proven at the trial;

- Monetary damages to Plaintiff's Company due to her inability to work for about four years (to date) while representing herself Pro Se in compelled litigation of four Court Cases (18PW0025, 18PW0090, 18MT1195, 19PW0117), which included an appearance at eleven Court hearings (to the date of this submission) and many thousands of hours of legal research and legal work, in the amount of $ 200,000-00.

- Further compensatory monetary damages as proven at the trial;

2) That Plaintiff Saville has a judgment against Count #2 Defendants  for **treble actual damages** pursuant to 18 U.S.C. § 1964 (C), O.C.G.A § 16-14-6 (C).

3) That Plaintiff Saville has a judgment against  Count #2 Defendants for the costs of this action and Attorney's fees, if Plaintiff chooses to employ such Attorney;

4) That Plaintiff be awarded pre-judgment and post-judgment interest on damages awarded;

5) That this Honorable Court grants such other and further relief as it deems just and proper.

### COUNT 3

**O.C.G.A § 16-15-4, 16-15-7 (c,d)  - Damages caused by Criminal Street Gang**

368. This Count is against Defendants Webb, Whitworth, Hopper, B.Mull, R.Mull (the "Count 3 Defendants").

369. Pursuant to  O.C.G.A. § 16-15-3, any group of 3 (three)  or more persons, associated in fact, and committing:

- (A) any offense defined as racketeering by O.C.G.A. § 16-14-3 or:

- (J) any offense involving possession of a weapon,

is classified as **Criminal Street Gang**.

370.   As detailed in the Count 1 and Count 2 of this Complaint, **five** Defendants in this suit have committed offences defined as **racketeering** by O.C.G.A. § 16-14-3.

371.   Further, Defendant Hopper has committed the offence of possession of a **firearm** by convicted felon, and threatening Plaintiff with those firearms.

372.   Pursuant to O.C.G.A. § 16-15-3 (a):

*(a) It shall be unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3.*

373.   Further, Pursuant to O.C.G.A. § 16-15-3(i):

*(i) It shall be unlawful for any person to communicate, directly or indirectly, with another any threat of injury or damage to the person or property of the other person ... with the intent to **punish or retaliate against such person for providing statements** or testimony against criminal street gangs or any criminal street gang member or associate.*

374.   Long history of retaliating against Plaintiff by Count 3 Defendants for her lawful and truthful reporting of the group violations to Law Enforcement is detailed and evidenced *ut supra* in this Complaint.

375.   Further, Pursuant to O.C.G.A. § 16-15-3(j):

*(j) ...it shall be unlawful for any person to communicate, directly or indirectly, with another any threat of injury or damage to the person or property of the other person ... with the intent to intimidate, deter, or **prevent such person from communicating to any law enforcement** or corrections officer, prosecuting attorney, or judge information relating to criminal street gangs, criminal street gang members or associates, or criminal gang activity.*

376.   This Complaint, *ut supra,* gives details and evidence of numerous occasions when Count 3 Defendants **prevented Plaintiff from communicating information** related to operation of Webb's Recycling to Law Enforcement.

377.   Further, Pursuant to O.C.G.A. § 16-15-7(c):

*(c) Any person who is injured by reason of criminal gang activity shall have a **cause of action for three times** the actual damages sustained and, where appropriate, punitive Damages.... Such person shall also recover attorney's fees in*

*the trial and appellate court and costs of investigation and litigation reasonably incurred.*

*378.* This gives Plaintiff a Cause of Civil Action for **actual and punitive damages** due to activity of Count 3 Defendants.

*379.* Further, Pursuant to O.C.G.A. § 16-15-7(d):

*(d) The state, any political subdivision thereof, or **any person aggrieved by a criminal street gang** or criminal gang activity may bring an action to enjoin violations of this chapter in the same manner as provided in Code Section 16-14-6.*

380. This gives Plaintiff a Cause of Civil Action for **injunctive relief** against Count 3 Defendants.

381. **WHEREFORE**, Plaintiff respectfully prays as follows:

1) That this Honorable Court orders Count 3 Defendants to **completely and permanently enjoin violations** of O.C.G.A. § 16-15-3 and stop operation of Criminal Street Gang;

2) That the Order is handed down to:

- **dissolve enterprise Webb's Recycling** under any labels used;

- **revoke any licenses** issued to such enterprise by Habersham County and any other government entities;

3). That Plaintiff Saville has a judgment against Count 3 Defendants to compensate Plaintiff for **direct actual expenses** including, but not limited to:

- Attorney's fees in Case 18MT1195 in the amount of $17,601-25 as proven at the trial;

- Further relevant expenses in Case 18MT1195 in the amount of $4,231-33 as proven at the trial;

- Cost of the written transcript by professional Court Reporter and other relevant expenses for the Case 19PW0117, in the amount of $1,026-28 as proven at the trial;

- Monetary damages to Plaintiff's Company due to her inability to work for about four years (to date) while representing herself Pro Se in compelled litigation of four Court Cases (18PW0025, 18PW0090, 18MT1195, 19PW0117), which included an appearance at eleven Court hearings (to the date of this submission) and many thousands of hours of legal research and legal work, in the amount of $ 200,000-00.

- Further compensatory monetary damages as proven at the trial;

4) That Plaintiff Saville has a judgment against Count 3 Defendants  for **treble actual damages** pursuant to O.C.G.A. § 16-15-7(C);

5) That Plaintiff Saville has a judgment against Count 3 Defendants to compensate Plaintiff for **general** damages for past, present, and future physical and mental pain and suffering, damage to health, emotional distress, social humiliation, embarrassment, mental anguish after being falsely accused of a crime, loss of reputation, inconvenience, disruption of life habits, and inability to work and fully enjoy life in the amount to be determined by this Honorable Court;

6) That Plaintiff Saville has a judgment against  Count 3 Defendants for the costs of this action and Attorney's fees, if Plaintiff chooses to employ such Attorney;

7) That Plaintiff be awarded pre-judgment and post-judgment interest on damages awarded;

8) That this Honorable Court grants such other and further relief as it deems just and proper.

## COUNT 4

### P. C.G.A. § 51-7-40 - Malicious Prosecution

382.  This Count is against Defendant Webb.

383.  On Jul/22/2021, the Count of Malicious Prosecution under O.C.G.A. § 51-7-40 was filed by Plaintiff at the State Court of Georgia within the Case 20ST0156.

384.  The Honorable State Court has considered 6-prong test for Malicious Prosecution and found that Plaintiff's Claim for Malicious prosecution resulting from Webb's Application for her criminal arrest made in November 2018 **does meet** such test.

385.  However, in the opinion of the Honorable State Court, Plaintiff has filed her Claim for Malicious Prosecution **too early**, within 6 months after malicious criminal Case 18MT1195 against her was dismissed by the State Court on Jun/29/2021.

386.  Based on this ground only, the Honorable State Court has dismissed the Case 20ST0156 **without Prejudice,** and without any trial.

387. Plaintiff dutifully follows the guidance from the Honorable State Court of Georgia and files the Claim for Malicious Prosecution under Count 4, **later** than 6 months after criminal Case 18MT1195 against her was dismissed on Jun/29/2021.

388. This Claim is also being filed within 6 month after State Court Case 20ST0156 was dismissed **without Prejudice.**

389. This Claim is also being filed within the original one year Statute of Limitations for Claim of Malicious Prosecution, after its Cause of Action has accrued on Jun/29/2021.

390. On Nov/13/2018 Defendant Webb has performed the wrongful private arrest of Plaintiff Saville (Exhibit P16) , which led to her criminal prosecution in Case 18MT1195 at Habersham State Court (Exhibit P18).

391. Pursuant to O.C.G.A. § 51-7-42:

*'For purposes of this article, an inquiry before a committing court or a magistrate shall amount to a prosecution.'*

392.   Consequently, Webb's Application for Criminal Arrest of Saville, and his acting as the Affiant in Case 18MT1195 amount to criminal prosecution by him.

393.   In compliance with provisions of O.C.G.A. § 51-7-41 (2019), Saville's right of action for malicious prosecution has accrued, since the criminal Case 18MT1195 forming the basis for this action has ended (Exhibit A46).

394.   Pursuant to O.C.G.A. § 51-7-40:

*'A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action.'*

395.   Plaintiff's action for Malicious Prosecution satisfies all six elements necessary for such action:

## Element 1.

396.   Criminal legal proceeding 18MT1195 against Saville was instituted;

## Element 2

397. It was initiated by Defendant Webb who performed her false private criminal arrest and acted as Affiant in the Case 18MT1195;

## Element 3

398. Criminal proceeding against Saville was **dismissed (Nolle Prossed)** in her favor (Exhibit A46);

## Element 4

399. Criminal proceeding 18MT1195 had **no probable cause**:

1) As established by the fact that Case 18MT1195 was **Nolle Prossed before the trial**.

2) Accusation in Case 18MT1195 **manifestly lacked legal merit**:

- Such accusations presented in the private Warrant (Exhibit A20) and the Charge (Exhibit A27) contradicted existing statutory law and violated the Constitutional rights of Saville as follows:

  • Claim of Stalking by 'taking pictures and videos' contradicted the State of Georgia Code O.C.G.A. § 16-11-62 (B) stating that:

*'It shall not be unlawful: ... For an owner or occupier of real property to use for security purposes, crime prevention, or crime detection any device to observe, photograph, or record the activities of persons who are on the property or an approach thereto in areas where there is no reasonable expectation of privacy.*

- Claim of Stalking by 'standing in the middle of the road watching his property without his consent' violated the Right of a Member of Public to use the Public road and do so in a safe manner by having their eyes open.

The narrow residential Diamond Drive, separating the private property of Saville and the land where Webb operates his scrap yard is the County Public Road as a matter of legal record. Saville has the legal right to use such a road and cannot avoid seeing anything located on the sides of the road.

- Claim of Stalking by 'calling the Sheriff's Office and Code Enforcement reporting that he was breaking the law by operating his business' contradicts the State of Georgia Code O.C.G.A. § 16-10-93 (C), stating that:

*'It shall be unlawful for any person knowingly to engage in misleading conduct toward another person with intent to: ... (C) Hinder, delay, or prevent the communication to a law enforcement officer, prosecuting attorney, or judge of this*

*state of information relating to the commission or possible commission of a criminal offense'.*

By filing an Application for the criminal arrest of Saville on the ground of her reporting to Law Enforcement above, Webb has committed the felony Offence under O.C.G.A. § 16-10-93 (C).

Such Claim also violates the Constitutional Rights of Saville under the First Amendment to the United States Constitution, which states the Right of People:

*'to petition the government for a redress of grievances',*

which includes the right to communicate with government officials.

- The whole Accusation contradicted the State of Georgia Code O.C.G.A. § 16-5-90 (Stalking), which is stating that any actions of an Accused performed at the place of their residence and with a legitimate purpose is NOT Stalking.

- Any alleged actions of Saville, even if true, have been performed at or in immediate approach to the private property owned by her, and with the legitimate purpose of reporting violations of Law to Law Enforcement.

- Following O.C.G.A § 51-7-43 (2019), the circumstances of criminal prosecution 18MT1195 were such as to satisfy a reasonable man 'that the accuser had no ground for proceeding but his desire to injure the accused.'

### Element 5

400. Malice was the primary purpose for Saville's criminal arrest and criminal action 18MT1195:

1) in compliance with O.C.G.A § 51-7-44:

*'A total lack of a probable cause is a circumstance from which malice may be inferred'*

2) however, in this case, overwhelming direct evidence of malice also exist:

- Webb needed to prevent Saville to appear as a Witness at the official meeting of Habersham County Board of Commissioners who considered a revocation of Webb's business license, due in 6 days;

- Webb needed to prevent Saville to communicate information about past and present violations of Georgia Code and County Ordinances by Webb's Recycling to Law Enforcement;

- Webb needed to intimidate and harass Saville with the purpose of eliminating her as the Witness of illegal operation of Webb's Recycling;

- Webb tried to extort money from Saville via anticipated compensation from the criminal proceedings and via explicit illegal ransom.

### Element 6

401.  Criminal arrest and criminal action 18MT1195 have caused damages to Plaintiff Saville:

- damages of defending the criminal charge: Attorney's fee, legal costs, associated expenses of Court proceedings, many thousands of hours of legal research as Defendant Pro Se, when compelled to litigate;

- physical and mental pain and suffering, damage to health, emotional distress, humiliation, embarrassment, loss of reputation, inconvenience, and inability to labor and fully enjoy life.

402.  Pursuant to § O.C.G.A. 51-12-7 - Recovery of necessary expenses:

*In all cases, necessary expenses consequent upon an injury are a legitimate item in the estimate of damages.*

403.   Further, Plaintiff notes that pursuant to O.C.G.A. § 51-7-47 (2019):

*Recovery in actions for malicious prosecution shall not be confined to the actual damage sustained by the accused'.*

404.   Plaintiff respectfully pleads with the Court to consider the following grounds for **punitive** Damages in the Count 4, pursuant to provisions of Georgia Code O.C.G.A. § 51-12-5.1 (2010) - **Punitive damages.**

405.   Code Section O.C.G.A. § 51-12-5.1 (h) applies to this cause of action because the cause of action is arising after April 14, 1997.

406.   The Section 'FACTS' of the Complaint give evidence (due to be further proven at the trial) that Defendant Webb:

● Organized a group of convicted criminals under the umbrella of scrap yard Webb's Recycling;

● Undertook a series of malicious abusive litigations against the innocent nearest neighbor; with all cases dismissed by the Courts;

- Used his paid employees, with the record of dishonesty in their previous criminal matters, to act as witnesses at the hearings of Habersham Magistrates Court and lie at such hearings;

- Performed wrongful private arrest of the Plaintiff, without probable cause, and in direct contradiction to the Law of Georgia and Constitution of the United States;

- Initiated Malicious Criminal prosecution of the innocent neighbor, which was justly Dismissed by the State Court of Georgia;

- Acted with Malice, trying to intimidate and silence the nearest neighbor who happened to be an involuntary witness of violations of County Ordinances and Georgia Code by Webb's Recycling;

- Acted with Malice trying to prevent the Plaintiff to stand as a Witness at the meeting of Habersham Board of Commissioners who considered a revocation of Defendant's business License;

- Acted with Malice trying to prevent the Plaintiff from communicating information about his violations of Law to Law Enforcement;

- Acted with Malice trying to use the Judicial process as a tool of crime - for illegal money extortion from a solvent neighbor;

- Performed deliberate and conscious torture of the neighbor by the noise of metal cutting saws and other industrial equipment operated next to the victim's bedroom windows;

- Used his employees for everyday threats and intimidation of the Plaintiff who was unable to defend herself and take any evidence of intimidation;

407. Counts 1,2,3 of this Complaint show that the Federal and State Law prohibit the actions of Defendant described above.

408. Facts, Evidence and Legal Argument in the Plaintiff's Complaint give clear and convincing evidence that Defendant's actions have shown willful misconduct, malice, fraud, and oppression.

409. They show that Defendant and his group of convicted criminals consciously abused the Judicial system - one of the pillars of civilized society.

410. This means that Defendant Webb and his group have shown their utter disregard to the Law and the moral norms of the Community;

411.   This creates a ground for **PUNITIVE DAMAGES** in the above-styled matter under O.C.G.A. § 51-12-5.1 (2010).

412.   Compensatory and General Damages of the Plaintiff are being claimed in the Count 4.

413.   However, the State of Georgia and Habersham County have experienced significant damages too.

414.   The State Court of Georgia and Habersham Magistrates Court had to perform 11 hearings within the Cases 18PW0025, 18PW0090, 18MT1195, 19PW0117 - all initiated by Defendant Webb, all dismissed by the Honorable Courts, and at no (or negligible) cost to Webb.

415.   Punitive damages would provide some compensation to the Federal or the State Treasury.

416.   However, the most outrageous damage made by Defendant is made to the moral values of the Community.

417.   Even the slightest chance that the group of convicted criminals could establish their own rules replacing the Law, and exploiting the Law with their malicious purposes - such situation is dangerous for the Society.

111

418. Punitive damages would show Defendant and members of his group that their behavior is not tolerated by the Community.

419. Plaintiff's Complaint shows that Defendant Webb acted with the specific intent to cause harm. Pursuant to O.C.G.A. § 51-12-5.1 (f):

*'...there shall be no limitation regarding the amount which may be awarded as punitive damages.'*

420. **WHEREFORE**, Plaintiff respectfully prays as follows:

● That Plaintiff Saville has a judgment against Defendant Webb to compensate Plaintiff for **direct actual expenses** including, but not limited to:

- Attorney's fees in Case 18MT1195 in the amount of $17,601-25 as proven at the trial;

- Further relevant expenses in Case 18MT1195 in the amount of $4,231-33 as proven at the trial;

- Cost of the written transcript by professional Court Reporter and other relevant expenses for the Case 19PW0117, in the amount of $1,026-28 as proven at the trial;

- Monetary damages to Plaintiff's Company due to her inability to work for about four years (to date) while representing herself Pro Se in compelled litigation of four Court Cases (18PW0025, 18PW0090, 18MT1195, 19PW0117), which included an appearance at eleven Court hearings (to the date of this submission) and many thousands of hours of legal research and legal work, in the amount of $ 200,000-00.

- Further compensatory monetary damages as proven at the trial;

- That Plaintiff Saville has a judgment against Defendant Webb to compensate Plaintiff for **general** damages for past, present, and future physical and mental pain and suffering, damage to health, emotional distress, social humiliation, embarrassment, mental anguish after being falsely accused of a crime, loss of reputation, inconvenience, disruption of life habits, and inability to work and fully enjoy life in the amount to be determined by this Honorable Court;

- That **Punitive Damages** are awarded in the amount determined by this Honorable Court;

- That Plaintiff Saville has a judgment against Defendant Webb for the costs of this action and Attorney's fees, if Plaintiff chooses to employ such Attorney;

- That Plaintiff be awarded pre-judgment and post-judgment interest on damages awarded;

- That this Honorable Court grants such other and further relief as it deems just and proper.

## COUNT 5

### 42 U.S. Code § 1983 - Deprivation of Civil Rights

421.    This Count is against Defendants Thomas, Oliver, County, Webb (the later one - as acting in concert with government officials) - the "Count 5 Defendants".

422.    As detailed and evidenced *ut supra* in this Complaint, Defendant Thomas, acting as Habersham County Magistrate at the hearings on Jun/12/2018 and Nov/13/2018 has violated Constitutional Rights of Plaintiff under **the First Amendment to the USA Constitution,** which states the right of the People to petition the Government for a redress of grievances.

423.    At the hearing of the Case 18PW0090 on Nov/13/2018, Ms. Thomas has stated (file 2018_11_13 Hearing.mp3, time starting at 22:25) that at the 'previous' hearing (Case 18PW0025, hearing on Jun/12/2018) she told me not to contact Law Enforcement with reports of violations.

114

424.     Imposing injunctions is not in the authority of a County Magistrate. This is especially critical for injunctions affecting Constitutional rights of people.

425.     By prohibiting Plaintiff from contacting Law Enforcement, Defendant Thomas acted outside her judicial authority.

426.     While acting outside her judicial authority, but under color of Law, Defendant Thomas has **violated Plaintiff's Constitutional rights under First Amendment** to petition the Government for a redress of grievances.

**427.**     This gives Plaintiff the Cause of Action under 42 U.S. Code § 1983 - Civil action for deprivation of rights.

428.     Since Defendant Thomas exceeded her Judicial Authority, she has no right to claim any kind of Judicial Immunity in the forthcoming trials.

429.     Further, During the hearing of Case 18PW0090 on Nov/13/2018, Defendant Thomas and Defendant Webb, acting in concert, have violated provisions of:

- 18 U.S. Code § 241 - Conspiracy against rights;

- 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights.

430.     They prevented Plaintiff from coming and standing as a Witness at the Meeting of Habersham Board of Commissioners on Nov/19/2018, who considered revocation of Webb's business license.

431. By doing so, they violated Federal Law 42 U.S. Code § 1985 (2) (Intimidating Witness).

**432.** This gives Plaintiff the Cause of Action under 42 U.S. Code § 1983 - Civil action for deprivation of rights against Defendant Webb and Defendant Thomas.

433. On Dec/05/2018, employee of Habersham County W.R.Oliver, acting as a part-time Solicitor General has filed at the State Court of Georgia, within the Case 18MT1195, the criminal Charge against Plaintiff (Exhibit P18).

434. The Charge accused Plaintiff of reporting violations of Law to the Sheriff's Department and Code Enforcement. Such accusation is itself a **violation of the First Amendment to the USA Constitution**, which states '*the right of the People to petition Government for a redress of grievances'*, which includes the right of People to communicate with Government officials.

435. Further, as detailed *ut supra* in this Complaint, Defendant Oliver has violated Constitutional Rights of Plaintiff to **Due Process** and **equal protection by Law under 14th Amendment to the USA Constitution**, by keeping her on bail for nearly 3 years without any trial at the Court of Law. During this time, his private Clients were given freedom to torture and

116

intimidate Plaintiff, without any way for her to defend herself or even take photographic evidence of torture. They were permitted to file repeatable applications for Plaintiff's arrest without any probable cause.

436. Defendant Oliver committed such violations while acting in deep Conflict of Interest as detailed and evidenced in the second part of Plaintiff's 'Motion to Dismiss the Case or in the alternative for Recusal of Prosecutor' filed within the Case 18MT1195, and which will be produced at Discovery.

437. Although filing a criminal charge is within the authority of Solicitor General, his violations are amplified by the fact of his conflict of interest and because his actions violated Constitutional Rights of Plaintiff.

438. Plaintiff pleads with the Court not to grant any kind of professional immunity to Defendant Oliver.

439. As detailed *ut supra* in this Complaint, Defendant Webb and Defendant Oliver had a meeting in November/December 2018, conspiring against Plaintiff and planning malicious criminal Charge against her.

440. By doing so, they violated provisions of:

18 U.S. Code § 241 - Conspiracy against rights;

42 U.S. Code § 1985 - Conspiracy to interfere with civil rights.

441.   This gives Plaintiff the Cause of Action under 42 U.S. Code § 1983 - Civil action for deprivation of rights, against Defendant Webb and Defendant Oliver.

442.   Criminal acts performed by Defendant Thomas and Defendant Oliver were compounded by the fact that they were perpetrated by people in positions of trust, who were paid to enforce the Law.

443.   The Cause of Action for Deprivation of Plaintiff's Civil Rights has accrued on Jun/29/2021 when the malicious criminal case 18MT1195 facilitated by Defendants Thomas, Oliver, Webb was dismissed by the State Court of Georgia.

444.   Facts described in this Complaint demonstrate wide-ranging and coordinated assistance offered to the RICO enterprise and Criminal gang of Defendant Webb by several departments of Habersham County and by its relevant officers. It was performed knowingly and willfully.

445.   This amounts to full-scale **conspiracy to cover up the existence of such an enterprise in Habersham County.** This is unprecedented situation in modern civilized society.

446.  Also, as detailed and evidenced in this Complaint, during last three years, Plaintiff became a victim of mistreatment by several departments of Habersham County: Magistrates Court, Solicitor General, Sheriff Department, Code Enforcement, Planning Department, Animal Control.

447.  This amounts to a **conspiracy against Plantiff's Civil Rights,** which is a violation of **Federal Code 18 USC § 241** and Cause of Action under **42 U.S. Code § 1985.**

448.  As shown *ut supra* in this Complaint, Plaintiff has exhausted any administrative remedies.

449.  Many recent abuses of Plaintiff's rights could be easily prevented by responsible actions of Habersham County, which the County failed to do.

450.  This gives Plaintiff the Cause of Action against Defendant Habersham County under:

42 U.S. Code § 1986 - Action for neglect to prevent;

42 U.S. Code § 1983 - Civil action for deprivation of rights.

451.  Plaintiff states that her Constitutional Rights have been violated by Count 5 Defendants:

- Right to **petition the Government for a redress of grievances under the First Amendment to the USA Constitution;**

- Right to **Due Process** and **equal protection by Law under 14th Amendment to the USA Constitution,**

452. Plaintiff also states that while violating Constitutional rights of Plaintiff, Count 5 Defendant have been motivated by **racial hatred** because of Plaintiff's national origin and accent.

453. As a result of operations of RICO Enterprise and criminal gang Webb's Recycling, enabled and assisted by Habersham County, Plaintiff has incurred monetary damages.

454. She also suffered mental anguish after being falsely accused of a crime. She suffered physical and mental pain, damage to health, emotional distress, social humiliation, and embarrassment.

455. **WHEREFORE,** Plaintiff respectfully prays as follows:

● That this Honorable Court

- adjudicate and declare that Count 5 Defendants has violated Plaintiff's federally protected rights as pled above;

- permanently enjoin Defendant County and Defendant Webb from committing similar violations in the future;

● That Plaintiff Saville has a judgment against Defendant Webb and Defendant County to compensate Plaintiff for **direct actual expenses** including, but not limited to:

- Attorney's fees in Case 18MT1195 in the amount of $17,601-25 as proven at the trial;

- Further relevant expenses in Case 18MT1195 in the amount of $4,231-33 as proven at the trial;

- Cost of the written transcript by professional Court Reporter and other relevant expenses for the Case 19PW0117, in the amount of $1,026-28 as proven at the trial;

- Further compensatory monetary damages as proven at the trial;

● That Plaintiff Saville has a judgment against Defendant County and Defendant Webb to compensate Plaintiff for **general** damages for past, present, and future physical and mental pain and suffering, damage to health, emotional distress, social humiliation, embarrassment, mental anguish after being falsely accused of a crime, loss of reputation, inconvenience, disruption of life habits, and

inability to work and fully enjoy life in the amount to be determined by this Honorable Court;

● That **Punitive Damages** against Defendant County and Defendant Webb are awarded in the amount determined by this Honorable Court;

● That Plaintiff Saville has a judgment against Defendant County and Defendant Webb for the costs of this action and Attorney's fees, if Plaintiff chooses to employ such Attorney;

● That Plaintiff be awarded pre-judgment and post-judgment interest on damages awarded;

● That this Honorable Court grants such other and further relief as it deems just and proper.

**456. PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted this  *02*  day of June, 2022

By: _____

Elena Lyadina Saville,  Plaintiff PRO SE

287 Diamond Drive

Clarkesville GA 30523,

Phone:   (706) 239 0192

Email:   Esaville@saville-solver.com